# Alabama City G. & A. Ry. Co. *v.* Appleton.

*Action by Husband for Damages for Loss Occasioned in Consequence of Personal Injury to Wife.*

(Decided Feb. 2, 1911.   54 South 638.)

1. *Damages; Services of Wife; Consequences.*—In ascertaining the damages suffered by the husband in consequence of personal injuries wrongfully inflicted upon the wife, permanency of an injury to the wife is to be considered.

2. *Same; Measure; Medical Expense.*—Expenses incurred by a husband in the treatment of injuries to his wife, in the employment of such medical skill as ordinary prudence would suggest, under the circumstances of the case, is an element of the damages resulting from the injury.

3. *Same; Evidence; Instruction.*—The evidence in this case stated and examined and held sufficient to justify the instructions that if the injury was wrongfully inflicted, plaintiff was entitled to recover the costs of a journey taken to the place specified, and the costs of professional services at that place, and also the expenses incurred in bringing a doctor from such place to plaintiff's home to attend the wife.

4. *Appeal and Error; Discretion; Question.*—The ruling of the trial court as to whether or not an interrogatory to a witness is leading is within the discretion of the court and not reviewable on appeal.

5. *Evidence; Hearsay; Reports.*—Where the action was for injury to wife occasioned by an electrical shock from an overcharged wire, and the superintendent of the defendant testified that he sent a man out the next morning to find out what was the matter, and that he brought back an injured bird, a question as to what report in the line of his duties the man made with reference to the bird was objectionable as calling for hearsay evidence.

6. *Electricity; Injuries; Evidence.*—Where the action was by the husband for injuries to the wife occasioned by an electrical shock

[Alabama City G. & A. Ry. Co. v. Appleton.]

from an overcharged droplight wire in plaintiff's barn, evidence that an agent of defendant the day after the injury removed the socket from the droplight and did not return it, was competent.

7. *Electricity; Injuries Incident to Production; Care Required,*—While an electrical company is not an insurer against injury, yet it must use a degree of care commensurate with the risks and dangers involved, and patrons of such companies have the right to assume that such a current as is consistent with the proper rendering of the service contracted for, will be used.

8. *Same; Inspection.*—It is the duty of an electrical company to make reasonable and proper inspection of its appliances.

9. *Same; Injury Question.*—Whether the company performed its duty to inspect its appliances with reasonable care, is ordinarily a question for the jury.

10. *Same; Burden of Proof.*—The doctrine of res ipsa loquitur applies in an action against an electrical company for injuries from a discharge of electricity while the person injured was attempting to turn on a light.

11. *Same; Pleadings*—The complaint in this case examined and held not subject to the demurrers interposed thereto.

APPEAL from Gadsden City Court.

Heard before Hon. JOHN H. DISQUE.

Action by H. L. Appleton against the Alabama City, Gadsden & Attalla Railway Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Count 11 is as follows: "Plaintiff claims of defendant, a corporation, the sum of $10,000 as damages, for this: On or about the 23d day of September, 1906, the defendant was engaged in operating an electric power plant in the city of Gadsden, from which defendant furnished electricity to arc lights to light the streets of said city, and also to incandescent lamps or globes for lighting the residences and outhouses of the citizens of said city; that, in order to utilize the said electricity which defendant furnished from its plants for said lighting purposes, the defendant strung wires overhead on poles along the streets of said city; that one of these wires were used for furnishing electricity for lights, arc lights, in said city, and that another of said wires was used as a primary or

circuit wire to furnish electricity to wires attached to residences and barns for lighting the same; that incandescent lamps or globes were attached to the end of the said wires for said barns and residences; that the voltage used for each of said arc light wires and primary wires was for each highly dangerous, and much greater than that used on said wires for lighting residences and barns; that on or about said date plaintiff was residing in the said city, with his wife, Mrs. L. L. Appleton, and defendant, for a reward, furnished electricity to plaintiff's residence and barn by means of wires at the end of which were attached incandescent lamps or globes; that on the evening of said day plaintiff's wife was at said barn, and, needing a light, she took hold of the incandescent lamp or globe to turn on the current, when she was thrown violently to the ground and rendered unconscious by a heavy charge of electricity by the wire in the barn to which said lamp or globe was attached; that said electric current badly burned her hand, violently shocked her nervous system, producing nervous prostration, and injuring her head and stomach, and caused her to be sick and confined to her room for several months, and permanently injuring her. [Here folows catalogue of plaintiff's damages resulting from said injuries.] And plaintiff avers that said injuries were caused to his wife by reason of the negligence of the agents and servants of the defendant, in that they negligently charged or allowed the wire that furnished said barn with electric light to be charged with an unreasonable, unnecessary, and dangerous amount of electricity from said primary or arc wires, which was transmitted to plaintiff's wife when she attempted to turn on said electric light, and injured her as averred, to plaintiff's damages as herein claimed."

The following is charge 21: "The court charges the jury that it was not negligence to fail to discover the broken pin supporting the wire, if the rotten portion of it was down in the hole of the cross-arm, so that this condition could not have been seen, except by removing the pin from the hole and taking off the glass insulator thereon."

Hood & Murphree, for appellant. Under the facts in this case plaintiff was not entitled to recover for the expense of the trip to Rome, and the two operations for them, and they were not the proximate results of the injury.—W. Ry. of Ala. v. Mutch, 97 Ala. 194. The court erred in permitting Zell to testify as to the report made by his man, as this was hearsay evidence. Counsel discuss the charges given and refused, but without citation of authority.

Bilbro, Inzer & Stephens, and Goodhue & Blackwood, for appellee. No brief reached the Reporter.

McCLELLAN, J.—Action by husband (appellee) for losses occasioned him in consequence of personal injury wrongfully inflicted, it is alleged, by the defendant's negligent act or omission, of an electric "droplight" installed by defendant in the barn of plaintiff; the contact being afforded by the wife's efford to turn on light in the usual way.

A number of errors assigned and insisted upon in brief relate to the rulings on the admission of evidence, and to instructions to the jury, with respect to the elements, character, and measure of damages recoverable in actions of this nature. The general subject was dealt with in Southern Railway Co. v. Crowder, 135 Ala. 417, 33 South. 335. The court correctly applied the principles announced in the cited decision to the cause at bar.

That the permanency vel von of an injury wrongfully inflicted upon a wife is an inquiry necessarily involved, in actions of this character, in the ascertainment of damage suffered by the husband, by way of immediately consequent loss of her services to him and of her consortium (if so) with him, cannot, we think. be doubted. —*Southern Ry. Co. v. Crowder, supra.* Expense incurred by a husband in the employment, in the treatment of injuries to his wife, of such medical or surgical skill as ordinary prudence would, under the circumstances, suggest is a legitimate element of the damages proximately resulting from a wrongfully inflicted injury upon her.— *B. R. L. & P. Co. v. Anderson,* 163 Ala. 72, 50 South. 1021. The court affirmatively instructed the jury that, if the injury was wrongfully inflicted upon Mrs. Appleton, the plaintiff was entitled to recover the expense of the journey to and from, and the cost of professional services at Rome, Ga., and also the expense incurred in bringing Dr. Hamilton from Rome to Gadsden to attend Mrs. Appleton. This instruction of the jury necessarily concluded that the trip to Rome, the services secured there, and the calling of Dr. Hamilton to Gadsden were such acts, incurring liabilities and expenses, as comported with ordinary prudence in the premises, and were, hence, within the causes proximately resulting from the injury and for which liability attaches to a tortfeasor. There was undisputed opinion evidence to the effect that to take the wife to Rome for treatment gave promise of better results, that the work could be done better there, and that the trip was taken after advice with Dr. Hamilton. In the absence of countervailing evidence, we think the court was justified in assuming, in the respect indicated, that ordinary prudence, under the circumstances, was employed in taking the trip to Rome and in calling Dr. Hamilton, and in incurring the

expenses entailed thereby. If the defendant conceived that the trip and expense were unreasonable, outside of the dictates of ordinary prudence, it should have offered some evidence tending to support its view.

In the absence of abuse of the judicial discretion reposed in trial courts to determine whether, on objection, a question or interrogatory to a witness is leading or not, this court will not revise a ruling disallowing a question or interogatory on that ground.—*Donnell v. Jones*, 13 Ala. 490, 48 Am. Dec. 59; *Prewitt v. Hudmon*, 86 Ala. 472, 6 South. 4; Jones on Ev. § 819. The admission of the testimony to the effect that a representative of the defendant removed the next day, and did not return, the socket on the droplight at the time of the injury was not error. It may have tended, in connection with the other evidence, to induce the conclusion that the appliance was defective. On the cross-examination by plaintiff's counsel of the witness Zell, defendant's superintendent at the time of the injury in question, the witness stated "that he sent Watford out the next morning to find out what was the matter, and that Watford brought back an injured bird, an English sparrow, with him." Plaintiff's counsel propounded this question: "I will ask you what report in the line of his duties Mr. Watford made to you with reference to that bird?" The objection, which was overruled by the court, was that the question called for irrelevant, immaterial, and incompetent testimony; that it called for hearsay evidence. The objection should have been sustained. It called for hearsay testimony. In *Culver v. Alabama Midland Railroad Co.*, 108 Ala. 330, 18 Suth. 827, the plaintiff propounded interrogatories to the defendant under the statute. Among them were three seeking to elicit evidence of the written report of the engineer touching the killing of plaintiff's intestate. The court said: "Unsworn ex parte

statements of persons not parties are mere hearsay and prima facie inadmissible. These reports made subsequent to the injury were not competent as original evidence for any purpose." A like ruling was made in *A. G. S. R. R. Co. v. Taylor,* 129 Ala. 238, 29 South. 673. The principle was recognized and upheld in *T. & C. R. R. Co. v. Danforth,* 112 Ala. 80, 92, 20 South. 502.

Joyce, in his first book on Electric Law, at section 445d, thus states the duty and measure of care resting on and required of an electrical company rendering service to individuals: Such a company "is obligated to use a degree of care commensurate with the risks and dangers involved to send a safe current into the building, and a patron of such a company has a right to assume that such a current as is consistent with the proper rendering of the service contracted for will be used." Such a company is not an insurer against danger or injury in any event; but where it affords the means for the service and undertakes to supply the light, installing wires and apparatus therefor, the duty and measure of care are as before stated. 1 Joyce, §§ 445b, 438a; 15 Cyc. pp. 471-473. It is also the duty of such a company to make reasonable and proper inspection of its appliances. This duty does not contemplate such inspection as would absolutely forestall injuries. Whether in a given case the duty to inspect, as reasonable care, prudence, and foresight would suggest, has been performed is a question for the jury to determine under all the facts and circumstances of the event. 1 Joyce, § 438b, and notes thereto.

In this connection reference may be made to charge 21 refused to defendant. That charge will be set forth in the report of the appeal. It was well refused. Its effect was to take from the jury the right to find negligence, in respect of the broken pin supporting the wire, if the rotten part of the pin was down in the hole in the

[Alabama City G. & A. Ry. Co. v. Appleton.]

cross-arm and not discoverable, except "by removing the pin from the hole and taking off the glass insulator thereon." Such acts, the jury might have concluded, were essential to inspection conforming to the exercise of reasonable care, prudence, and foresight in the premises. For practical purposes, to approve the charge noted would affirm, as conforming to the care, etc., stated in respect of inspection of such supporting pins, a course of inspection little, if anything, short of a most general, remote, mere survey of the place in which the pin was. Whether such a survey would or did meet the requirements for inspection was for the jury alone to determine.

At the request of the plaintiff the court gave this special charge (69) to the jury: "If Mrs. Appleton, in a reasonably prudent manner, caught hold of the lamp to turn on the light, and when she did so there was an escape of electricity from the lamp or its connecting part, which severely burned her hand and shocked her into insensibility, then the burden of proof is on the defendant to satisfy the jury reasonably by the evidence that such escape of electricity was without negligence on its part." It is insisted, in brief for appellant that the charge possesses the serious vice of misplacing the burden of proof. The company having installed the wires and appliances to convey into plaintiff's building electricity for domestic and lighting purposes and uses, and injury having attended its presence and use, as the charge (69) hypothesizes, the doctrine of res ipsa loquitur applies to cast on the defendant the burden of negativing its negligence in the premises.—*Alexander v. Nanticoke Light Co.,* 209 Pa. 571, 58 Atl. 1068, 67 L. R. A. 475; 1 Joyce, § 445d; *Denver, Col., El. Co. v. Lawrence,* 31 Colo. 301 73 Pac. 39; *Denver, Col., El Co. v. Simpson,* 21 Colo. 371, 41 Pac. 499, 31 L. R. A. 566; *Railway, etc., Co. v. Foulds,* 7 Am. El Cas. 548, and note thereto collating decisions; 2

Joyce, § 1048; *Reynolds v. Narragansett El. Co.*, 26 R. I. 457, 59 Atl. 393; 15 Cyc. pp. 477, 478. There occurs to us no reason why there should be an difference in the shifting of the burden in cases where the injury is suffered in a public way and where, under the conditions therefor before indicated, the injury is suffered on private premises served with electricity by means of wires and appliances furnished by the company. None was taken or regarded in the Alexander, Lawrence, and other cases cited or referred to above. The issues of fact, as upon the several counts (11, 12, 15, 16, 17, 18, 19, and 20) submitted to the jury, and on the plea of contributory negligence as last (after amendment) filed, were properly left to the jury's determination.

Count 11 was unobjectionable.

For the error occurring in admitting evidence by Zell of the report and finding of Watford, the judgment is reversed, and the cause is remanded.

Reversed and remanded.


DOWDELL, C. J., and SIMPSON and MAYFIELD, JJ., concur.