### City of Covington v. Bowen.

(Decided May 3, 1921).

Appeal from the Kenton Circuit Court
(Criminal Law and Equity Division).

1.    Evidence—Photographs—X-Ray.—A photograph is but another way of giving a description of the thing under consideration, and although pictures may sometimes produce the wrong impression, the same may be said of the words of a witness who undertakes to give a verbal picture of the same thing.
2.    Evidence—Photographs—X-Ray.—Where the photographs were taken by a skillful operator of an X-ray machine, and the machine

was properly focused and the picture correctly portrayed conditions as they were manifested by the machine, the introduction of the pictures in evidence was allowable.

A E. STRICKLETT for appellant.

B. F. GRAZIANI for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

Appellee, Thomas J. Bowen, recovered a judgment in the Kenton circuit court against the city of Covington for the sum of $2,000.00 for personal injuries received by him in a fall on an alleged defective pavement at the corner of Short Main and 13th streets in said city on December 16th, 1917, and this appeal is prosecuted by the city to reverse that judgment chiefly, if not solely, upon the grounds that the trial court allowed appellee to introduce as evidence certain X-ray pictures purporting to show the fractures of the bones in his foot and leg, without, as appellant city contends, sufficient qualification of the witnesses by whom they were introduced, and without sufficient verification of the photographs.

Two trials of the case have been had, but in the first one the jury failed to agree on a verdict.

It is conceded that appellee Bowen fell on the pavement and suffered a fracture of the large bone of his leg and one or more bones in his foot, but the city denies that his fall and injury resulted from a defect in the pavement, but asserts that the street and pavement were covered with ice and snow and were slick and that appellee slipped thereon and fell. There is evidence, however, sufficient to take the case to the jury that part of the brick in the pavement had been removed at the point where appellee fell so as to create a hole in the pavement of sufficient size to receive the foot of a man and from two to four inches deep. He says he stepped in the hole at night without seeing or knowing of its existence, and the jar or fall resulted in the fracture of his bones. In addition to suffering great pain he was confined to his bed at a hospital for many months and was unable to follow his regular employment as a garment worker for about 16 months; that he was earning $20.00 per week at the time of his injury, and incurred doctors' bills amounting to several hundred dollars.

In brief of counsel for appellant city it is insisted that the trial court committed reversible error in allowing the witness Kincheloe to testify about the making of the X-ray photographs and to introduce them in evidence over the objection of appellant, and this is the chief ground urged for the reversal of the judgment. The witness Kincheloe operated the X-ray machine in making pictures of the fractures of the bones of the leg and foot of Bowen. He was an experienced and trained operator of such machines and had taken from two to three hundred such pictures per year. He explained the necessity of a proper focus of the machine on the object to be photographed, as well as the importance of so locating the machine to the object as to get a picture which would correctly represent the actual conditions similar to those received by the natural eye.

As the photographed bones were covered with flesh it was impossible to see them with the natural eye, and therefore to say with absolute certainty that the offered pictures were exact photographs of the conditions of the fractures, but when an X-ray machine is shown, as in this case, to make correct photographs under similar conditions to those in which the pictures in question were made and that it was operated by an experienced and trained person in that line of work, who performed the work in such a way as to obtain a fair and correct view of the object photographed and the photographs are correct copies of the plates made by the machine, there is no reason why they, like other photographs, should not be allowed to go to the jury as evidence in cases where such evidence is relevant.

A photograph is but another way of giving a description of the thing under consideration, and although pictures sometimes produce the wrong impression the same may be said of the words of a witness who undertakes to give a verbal picture of the same thing.

A picture is not to be rejected as evidence because it does not conform to the other testimony if it was taken by a person who was experienced and trained in such work and who testifies that it is a true and correct representation of the conditions as they appeared to the witness at the time the picture was taken.

Appellant city relies upon the opinion in the case of Ligon v. Allen, 157 Ky. 103, as warranting the rejection of the X-ray photographs in this case, but the ruling there announced was based upon a very different state of facts. There was no evidence showing that the offered photographs were correct representations, or how they were taken, or that the operator of the machine was experienced in such work or knew anything about how such pictures should be taken. Under such facts the court properly held the photographs incompetent as evidence. In the case before us sufficient evidence is produced to show the photographs were taken by a skilled and practiced operator of an X-ray machine; that the machine was focused properly and that the pictures correctly portrayed the conditions as they were manifested by the machine, which was sufficient to warrant the introduction of the pictures in evidence, and the court did not err in so holding.

The trial judge delivered a short written opinion setting forth his views of the case as follows:

"With the perfectly obvious nature of the injury in mind, and being familiar with the testimony in the previous trial, the court did not regard the X-ray photographs as of much importance, and did not require as precise and accurate preliminary proof as, perhaps, would have been required if the matter had been considered important. However, the photographs were taken by a highly intelligent, trained man, whose business was demonstrating X-ray machines, and who testified that he took two or three hundred X-ray photographs every year. He testified that after the plates were exposed by him that they were placed in an envelope marked by him for purposes of identification; that they were then developed by some other person and returned to him in the same envelope, and he was able to say that the resultant impression pictures the limb of plaintiff."

The testimony of four or five doctors who examined the injured limb corroborates the photographs. The rule with respect to the introduction of X-ray photographs is the same as that governing the introduction of ordinary pictures, except that one offering an X-ray photograph is not obliged to show with the same clearness as in other cases that the picture correctly and truly represents the object attempted to be photographed as seen by the witness.

Like the trial court, we are of opinion that the photographs in question, even if not properly verified, which we hold them to have been, were not prejudicial, for the reason that the jury saw and examined the lame leg and foot of the appellee and listened to a word picture of the injury given by four or five doctors who testified in the case and located the fractures of the bones at the same place as did the photographs.

Finding no error to the prejudice of appellant city the judgment is affirmed.