(93 South. 873)

## MONTEVALLO MINING CO. v. LITTLE.
### (7 Div. 249.)

(Supreme Court of Alabama. June 15, 1922. Rehearing Denied June 30, 1922.)

**1. Negligence ☞32(2)—Trainman on train serving industry held invitee.**

A trainman on a freight train serving defendant's industry *held* invitee to whom defendant was obliged to keep the premises in a reasonably safe condition for the trainman's presence thereon, and his use thereof within contemplation of the invitation.

**2. Negligence ☞52—Invitee entitled to warnings.**

It is the duty of a proprietor to warn an invitee of dangers of which the proprietor knows or should be informed, and of which the invitee is not aware.

**3. Negligence ☞136(26)—Contributory negligence of trainmen struck by coal for jury.**

In an action for injuries to a trainman struck by a piece of coal while he was on a freight train serving defendant's coal washer plant, *held*, that plaintiff's contributory negligence was for the jury.

**4. Negligence ☞136(15)—Negligence as to trainman struck by coal held for jury.**

Where there was evidence that the coal striking plaintiff, a trainman, was cast off by the operation of defendant's coal washer, a general affirmative instruction for defendant was properly refused.

**5. Trial ☞192—Instruction held not erroneous in assuming undisputed fact.**

Where the evidence was without dispute that plaintiff was struck by a piece of coal cast off from defendant's washer while working on a freight train, an instruction that, if plaintiff was acting as a reasonably prudent man at the time the piece of coal struck him, he was not guilty of contributory negligence, was not erroneous in assuming that he was struck.

**6. Negligence ☞140—Instruction precluding recovery if injury was caused by "accident" held properly refused.**

It is not error to refuse a requested instruction precluding recovery if the jury find that plaintiff's injury was caused by "accident" which does not define "accident" as a "mere accident," thereby excluding the instruction of negligence.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Accident —Accidental.]

**7. Evidence ☞77(6)—No unfavorable inference from evidence withheld where the evidence was equally accessible to both parties.**

The fact that plaintiff had failed to produce two doctors who had examined him, and that defendant did not know of their knowledge of plaintiff's condition, did not entitle defendant to have an unfavorable inference imputed to plaintiff, where it did not appear that the doctors were not equally accessible to both parties, and as defendant might have gained full information of the medical attachment plaintiff had by propounding interrogatories to him.

**8. Evidence ☞471(3)—Question as to whether there was any other place for coal that struck plaintiff to come from held not to call for a conclusion.**

In an action for injuries received by being struck on the head by a piece of coal cast off from defendant's coal washer, a question asked plaintiff as to whether there was any other place around there for the coal to have come from except off the top of or from the washer was not improper as calling for a conclusion.

**9. Evidence ☞241(1)—Statements of operator of coal washer as to its effect to throw coal held admissible in action for personal injuries.**

In an action for injuries received by being struck on the head by a piece of coal cast off by defendant's coal washer, testimony reciting statements of the person in charge of the washer while it was in operation with reference to its effect to throw coal was admissible.

**10. Evidence ☞553(1) — Question as to whether plaintiff's waning physical condition was caused by the blow on his head held not improper.**

In an action for injuries received by being struck on the head by a piece of coal cast off by defendant's coal washer, a hypothetical question asked a physician produced by plaintiff as to whether plaintiff's waning physical condition after his injury and the subsequent appearance of maladies or disorders could have been caused from the blow on the head was not improper.

Appeal from Circuit Court, Shelby County; A. B. Foster, Judge.

Action for damages by H. H. Little against the Montevallo Mining Company. From a judgment for plaintiff, defendant appeals. Affirmed.

The charge the giving of which is assigned for error in assignment No. 2. reads:

"The court charges the jury that, if you are reasonably satisfied from the evidence that the plaintiff Little was acting as a reasonably prudent man would have acted under all the circumstances at the time the piece of coal struck him on the head, then, and in that event, he was not guilty of contributory negligence."

The charges refused to defendant, and made the subject of assignments of error 6 and 7, read as follows:

"If a party to a suit has witnesses which he could, but does not, bring before the jury either in person or by deposition, you may infer that the witnesses would testify unfavorably to him."

"If you believe from the evidence that Dr. Harris and Dr. Bass examined the plaintiff, and he has not brought to the jury these doctors as witnesses or their depositions, you may

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

infer that their testimonies would not be favorable to plaintiff's case."

Nesbit & Sadler, of Birmingham, for appellant.

A complaint counting on simple negligence must aver facts which bring the plaintiff within the protection of the negligence alleged. 164 Ala. 73, 51 South. 365, 137 Am. St. Rep. 25; 61 Fla. 819, 56 South. 287; 133 Ala. 373, 32 South. 135; 93 Ala. 25, 9 South. 458; 171 Ala. 251, 55 South. 170; 6 Ala. App. 650, 60 South. 970; 201 Ala. 553, 78 South. 907. A charge which assumes as a fact a matter in dispute is erroneous. 150 Ala. 390, 43 South. 723; 150 Ala. 135, 43 South. 838; 152 Ala. 237, 44 South. 412; 166 Ala. 274, 51 South. 969; 166 Ala. 235, 51 South. 980; 162 Ala. 246, 50 South. 210. A person on the premises of another by invitation must himself use due care to avoid injury. 84 Ala. 186, 4 South. 158; 129 Ala. 410, 30 South. 584; 109 Ala. 626, 20 South. 37; 86 Ala. 274, 5 South. 438, 3 L. R. A. 406; 100 Ala. 660, 13 South. 552; 161 Ala. 435, 49 South. 867; 6 Ala. App. 448, 60 South. 475; 77 Ala. 448, 54 Am. Rep. 72; 201 Ala. 416, 78 South. 794, L. R. A. 1918F, 137; 124 Ala. 656, 26 South. 531; 125 Ala. 442, 28 South. 380. Failure to call an available witness possessing peculiar knowledge of facts essential to a party's case gives rise to an inference that the testimony of such witness would be unfavorable to that party. 22 C. J. 115; 74 Ala. 390; 100 Ala. 349, 13 South. 948, 46 Am. St. Rep. 56; 10 R. C. L. 32; 201 Ala. 419, 78 South. 797; 79 Ala. 223; 1 Wigm. on Evi. 285; 1 Greenl. on Evi. (16th Ed.). An unsworn declaration of an agent, to be binding upon his principal, must be made while acting within his authority, and must qualify or explain the act then being performed, so as to form a part of the res gestæ. 103 Ala. 203, 15 South. 567; 158 Ala. 491, 48 South. 119; 93 Ala. 324, 9 South. 395.

Riddle & Ellis, of Columbiana, for appellee.

A bill of exceptions, not containing all the testimony, must be construed most strongly in favor of appellee and against appellant, and any state of the testimony will be presumed to justify the rulings of the lower court adverse to the appellant. 151 Ala. 131, 44 South. 403; 142 Ala. 51, 39 South. 14, 110 Am. St. Rep. 17; 14 Ala. App. 242, 69 South. 328; 189 Ala. 590, 66 South. 589.

McCLELLAN, J. The plaintiff's (appellee's) injury resulted from being struck on the top of his head by a lump of coal, in consequence of which, he contends, his health has been seriously impaired, if not destroyed. The plaintiff's theory was that the coal was cast off by the operation of defendant's (appellant's) "coal washer," of which an elevator" many feet above the ground level was a part. The evidence for defendant tended to disprove plaintiff's theory, both in respect of the plaintiff's claim that this lump of coal was cast off the "washer," as well as in respect of the plaintiff's contention that defendant's "washer plant" was deficient or defective because of the absence of proper barrier to prevent coal passing to or upon the vibrating "shaker" from being cast off and falling to the railway track or tracks of the Southern Railway Company, over which defendant's coal product was removed.

[1] At the time plaintiff was injured, he was a conductor in the employ, and then in the service, of the Southern Railway Company, operating a freight train. The train was there to serve, and was serving, defendant's industry. The tracks provided were upon the premises of the defendant. The Southern Railway Company's trainmen, including the plaintiff, were invitees when engaged in this service upon defendant's premises; and the obligation, assumed by the defendant toward them was that such premises should be in a reasonably safe condition for the invitee's presence thereon and his use thereof within the contemplation of the invitation. 10 Mich. Dig. Ala. Rep. pp. 571, 572, collating the decisions stating and illustrating the doctrine.

[2] It is the duty of the proprietor to warn the invitee of dangers or dangerous defects upon the premises at the place where the invitee is expected to go, of which the proprietor knows or should be informed, and of which the invitee is not aware; this to the end that the invitee may exercise reasonable care to avoid the danger. O'Brien v. Tatum, 84 Ala. 186, 188, 4 South. 158; 20 R. C. L. pp. 56, 57; Bennett v. L. & N., 102 U. S. 577, 26 L. Ed. 235.

Count 5 of the amended complaint—the only count the averments of which were submitted to the jury—disclosed that plaintiff's relation to defendant's premises was that of an invitee, thereby excluding the idea that the plaintiff was a trespasser. There was no error in overruling demurrer to this count.

[3] Pretermitting other possible considerations that might justify the conclusion that the defendant was not entitled to a general affirmative instruction against a recovery upon the theory that plaintiff was himself so informed of the danger from coal being thrown or falling from the "washer," and hence was guilty of contributory negligence barring his right to recover, it is manifest, we think, that that issue was, under the whole evidence, due to be submitted to the jury's determination. Notwithstanding plaintiff testified that he knew that coal was cast off the "washer" about some of the four tracks near to the "washer," and that he advised the operator of the "washer" of the fact, and that the place was thereby rendered dangerous, it cannot be affirmed as a matter of law that the particular place

whereat he was injured was within the area of the dangerous character of which he was aware and had complained. Knowledge of the elements of a dangerous situation is not necessarily knowledge of the danger itself.

[4] The defendant was not due the general affirmative instruction requested. There was evidence to the effect that the coal striking plaintiff came from, or was cast off by, the "washer's" operation. It was for the jury to determine the credibility to be accorded that testimony.

[5] Since the evidence was without dispute that the plaintiff was struck on the head by a piece of coal, the court did not err to defendant's prejudice in instructing the jury, through the instruction set out in assignment 2, upon assumption to that effect.

[6] The court declined defendant's request of an instruction that concluded against plaintiff's right to recover if the jury found from the evidence that "plaintiff's injury was caused by an accident." If this request had defined "accident" as a "mere accident," thereby excluding the intervention of negligence in the premises, defendant would have been entitled to have the jury so advised. Williams v. Anniston Elec. Co., 164 Ala. 84, 93, 51 South. 385, treating charge E; Norwood Trans. Co. v. Crossett (Ala. Sup.) 92 South. 461,[1] citing additional authorities for the court's view. This request for instruction was refused without error.

[7] During the trial it developed that Drs. Harris and Bass examined plaintiff. The character and extent of plaintiff's injury, as well as results therefrom, were debatable inquiries under the evidence. Defendant insists, as it did in the court below, that, since it did not know until the trial of the acquaintance of these doctors with plaintiff's case, and their professional employment by plaintiff, the defendant was entitled to have unfavorable inference imputed to plaintiff because plaintiff did not call these doctors as witnesses in the cause. It does not appear that these doctors, or any others acquainted with plaintiff's case, were not equally accessible to the parties to this suit. They were, we doubt not, equally accessible to both parties. The fact that defendant did not know of their knowledge of plaintiff's condition does not change the rule to the contrary stated in Jordan v. Austin, 161 Ala. 585, 589, 50 South. 70, and authorities there cited. The defendant might have gained full information of the medical attention plaintiff had by propounding interrogatories to him. There is no merit in assignments 6 and 7.

[8] Whether the piece of coal striking plaintiff came from the elevated "washer" was a contested issue of fact on the trial. Notwithstanding the witness Williams—a convict then under sentence (he stated) of two years for "carnal knowledge"—testified

that he saw the piece of coal striking plaintiff come from the "washer" while in operation, the evidence otherwise afforded contrary inference; and hence that fact was not conclusively proven. Prior to the examination of Williams, this question was propounded to the plaintiff:

"Was there any other place around there for that coal to have come from that struck you except off the top of or from that washer?"

The objection overruled by the court, was that this question called for the conclusion of the witness. The answer was: "No, sir; there was no coal elevated around there anywhere except there at the top of the washer, where it was being dumped into the bin." By referring in the question to "place" it is quite evident that the inquiry sought to elicit a fact, not an opinion or conclusion, viz. whether there was a place, other than defendant's washer, where coal was stored or carried by mechanism to an elevation above the place plaintiff was when injured. Thus the question itself excluded the idea that the coal striking plaintiff on the head was cast by hand. This view of the question is confirmed by the witness' response, it appearing therefrom that the witness interpreted the question as calling alone, for his statement of fact that no other place thus held or carried coal to an elevation.

[9] There was no error in allowing testimony reciting statements attributed to the person in charge of, while actually operating, the "washer" in reference to its then effect to throw coal upon the tracks.

It does not appear from the bill of exceptions that certain extracts from Sajous' medical work were read as evidence or were offered in evidence; hence the objections to the admissibility of these excerpts as evidence were overruled without error. No objection to the reading of them in the presence of the jury was made. Assignments of this character are without merit.

[10] During the examination in chief of plaintiff's witness Dr. Givham, a hypothetical question was propounded to him promising particular manifestations of plaintiff's waning physical condition after his injury and the subsequent appearance of maladies or disorders, and inviting this qualified physician's opinion whether these effects "would be caused from that coal hitting him on the head." After untenable objection to the question had been overruled, the examiner thus supplemented the question: "Wouldn't it be your opinion that the injury in the head would be responsible for this condition?" The witness answered: "I could not say it would be responsible for it; I do not know." Thereupon the examiner asked: "Is it your opinion that it could be?" The last question is the subject of assignment 17. The objection to the question was that it sought immaterial matter. The question was designed

---

[1] 207 Ala. 222.

to elicit the witness' expert opinion upon the possibility that the result described in the hypothetical question might ensue. The subject-matter of the opinion of the witness sought by this question was in no sense immaterial; and, besides, the plaintiff was entitled to contribute to the inquiry's solution a competent witness' expert opinion that the result the hypothetical question described might have ensued. Of course, the weight to be accorded the expert witness' affirmative opinion would be a matter for the solution of the jury,; to the affirmation of the possibility only being, of itself, testimony of very slight probative force. Shelton v. Hacelip, 167 Ala. 217, 221, 51 South. 937. See Nelson v. Mining Co., 35 Mont. 223, 88 Pac. 785, 786.

No error appearing, the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.