(102 So. 35)

DEMOPOLIS TELEPHONE CO. v. HOOD.
(2 Div. 834.)

(Supreme Court of Alabama. Oct. 23, 1924. Rehearing Denied Nov. 27, 1924.)

**1. Negligence ⬅️111(1) — General averment sufficient where conditions creating duty are shown.**

Where complaint sets forth conditions from which duty of care toward plaintiff arose, a general averment of negligence is sufficient.

**2. Telegraphs and telephones ⬅️20(4)—Allegation of unusual height of car on which plaintiff was standing when injured by wire held unnecessary.**

In action against telephone company for injuries to railroad employee standing on freight car from contact with wire strung too low for clearance, plaintiff was not required to allege that car was not of unusual height, since defendant's failure, in exercise of reasonable care, to have foreseen danger because of unusual height of car was a matter of defense.

**3. Telegraphs and telephones ⬅️15(3)—Duty of providing clearance in stringing wires across railroad track stated.**

Telephone company, in stringing wires across railroad track, should provide ample clearance, so that wire will not injure tall man standing on high car in common use, its duty not being limited to man of average height riding on car of usual size.

**4. Telegraphs and telephones ⬅️20(5)—Res ipsa loquitur doctrine applicable to injuries by wire strung across railroad track.**

In action for injuries to railroad employee injured while standing on freight car from contact with wire strung across track without sufficient clearance, it will be presumed that telephone company was negligent; doctrine of res ipsa loquitur being applicable.

**5. Telegraphs and telephones ⬅️15(3)—Railroad's failure to provide employee with safe place no defense in employee's action for negligence in stringing telephone wires.**

In action against telephone company for injuries to railroad employee from contact with wire strung across track without sufficient clearance, railroad's failure to provide employee with safe place to work was no defense.

**6. Telegraphs and telephones ⬅️15(3)—Failure of employee of railroad to notify telephone company of overhead wires held no defense in action for injuries to other employee.**

In action against telephone company for injuries to railroad's employee from contact with wires strung across track without sufficient clearance, failure of other employee of railroad to notify telephone company of defect in construction of overhead wires, pursuant to working arrangement between company and such other employee, was no defense.

**7. Negligence ⬅️15 — Liability of joint tortfeasors is several.**

The liability for injuries resulting from concurring negligence of two or more tortfeasors is several, and neither can defend for failure of duty on the part of the other, and a defendant, whose negligence was the sole or concurring proximate cause of the injury, is liable for full compensatory damages.

**8. Master and servant ⬅️401 — Third party claiming benefits of Workmen's Compensation Law must bring himself within act.**

Railroad employee, suing telephone company for injuries by wires strung across track without sufficient clearance, was not required to

negative terms of Compensation Law (Acts 1919, p. 232, § 32), giving third party benefits of such act in certain cases, and telephone company, if entitled to benefits thereof, was required to bring itself within the act.

**9. Telegraphs and telephones ☞20(1)—Right of action against railroad under federal act no defense to employee's action against telephone company.**

In action against telephone company for injuries to railroad employee by wires strung across track without sufficient clearance, right of action on part of employee against railroad under Federal Employers' Liability Act (U. S. Comp. St. §§ 8657–8665) was no defense.

**10. Witnesses ☞369—Testimony that witness was ordered by employer to attend trial held to disclose interest as affecting credibility.**

In action against telephone company for injuries to employee of railroad from contact with wires strung across track without sufficient clearance, testimony of another employee of railroad as witness for plaintiff that railroad was to pay his way to court, and that he was ordered there, held to sufficiently disclose interest of witness as affecting his credibility.

**11. Telegraphs and telephones ☞20(5)—Evidence as to employer's aid in procuring evidence, and as to claim against employer, inadmissible in employee's action against telephone company.**

In action against telephone company for injuries to employee of railroad from contact with wires strung across track without sufficient clearance, evidence as to activity of railroad or its employees in aiding to procure X-ray photograph showing injuries, and as to filing, by such employee, of claim against the railroad, held properly excluded.

**12. Evidence ☞380—X-ray photograph held sufficiently identified.**

In action for injuries, X-ray photograph held sufficiently identified as the photograph taken of plaintiff's injuries.

**13. Evidence ☞359(4) — X-ray photograph taken by expert, explained by expert testimony given by deposition, held admissible.**

In action for injuries, X-ray photograph, shown to have been taken by expert, and explained by expert testimony given by deposition, held admissible.

**14. Trial ☞233(3)—Charge referring to "first count," and to "one or more of the defendant's pleas of contributory negligence," held not objectionable.**

Charge reviewing in detail the averments of the complaint, properly placing burden of proof, and stating correctly the facts to be found to warrant recovery, and stating that plaintiff could recover if jury was reasonably satisfied of truth of facts alleged in "first count of the complaint," unless defendant had established "one or more of the defendant's pleas of contributory negligence," held not objectionable.

**15. Negligence ☞140—Charge precluding recovery, if injuries resulted from accident, held properly refused.**

Charge, that plaintiff could not recover if jury find from evidence that plaintiff sustained injuries as result of accident, held properly refused.

**16. Telegraphs and telephones ☞20(7)—Negligence in stringing wires without sufficient clearance held for jury.**

In action against telephone company for injuries to employee of railroad from contact with wires strung across track without sufficient clearance, question of telephone company's negligence held for jury.

Appeal from Circuit Court, Marengo County; John McKinley, Judge.

Action for damages for personal injury by Wiley S. Hood against the Demopolis Telephone Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Exception was taken by defendant to this portion of the court's oral charge:

"But if you are reasonably satisfied from the evidence in this case of the truth of the facts alleged in the first count of the complaint, that would make out a prima facie case which would entitle the plaintiff to recover in this case, unless the defendant has established to the reasonable satisfaction of the jury, by the evidence in this case, one or more of the defendant's pleas of contributory negligence."

B. F. Smith, of Birmingham, and Huey & Welch, of Bessemer, for appellant.

An accidental injury does not afford grounds for a recovery, and the jury should have been charged to this effect. Montevallo Min. Co. v. Little, 208 Ala. 131, 93 So. 873; Williams v. Anniston E. Co., 164 Ala. 84, 51 So. 385; N. T. Co. v. Crossett, 207 Ala. 222, 92 So. 461. The court erred in its oral charge to the jury. A. G. S. v. McWhorter, 156 Ala. 269, 47 So. 84; B. R., L. & P. Co. v. Hayes, 153 Ala. 178, 44 So. 1032; S. A. L. v. Kay, 73 Fla. 554, 74 So. 523; P. F. I. Co. v. Draper, 187 Ala. 103, 65 So. 923. The defendant was entitled to show the interest of the Southern Railway Company, employer of the plaintiff, in this case. Smith v. S. H. Kress & Co., 210 Ala. 436, 98 So. 378; L. & N. v. York, 128 Ala. 305, 30 So. 676; 2 Wigmore on Evi. (2d Ed.) §§ 949, 969. The X-ray photograph was erroneously admitted in evidence. Jenkins v. School, 90 W. Va. 230, 110 S. E. 560, 22 A. L. R. 323; Greenwood Café v. Walsh, 15 Ala. App. 519, 74 So. 82; Jones v. Sinsheimer, 107 Or. 491, 214 Pac. 375; Phillips v. Traction Co. (Del. Super.) 117 Atl. 241; Covington v. Bowen, 191 Ky. 376, 230 S. W. 532; Yarbrough v. Carlson, 102 Or. 422, 202 Pac. 739; C., B. & Q. v. Upton, 194 Fed. 371, 115 C. C. A. 379; Carlson v. Benton, 66 Neb. 486, 92 N. W. 600, 1 Ann. Cas. 159; Prescott & W. Ry. v. Franks, 111

Ark. 83, 163 S. W. 180, Ann. Cas. 1916A, 773; 22 C. J. 916; 10 R. C. L. 1156; 2 R. C. L. Supp. 1161; 2 Wigmore, 795. Where a railroad's employé is injured by contact with an overhead wire, such accident does not raise the presumption of negligence on the part of the owner. Lofton v. Jacksonville E. Co., 61 Fla. 293, 54 So. 959; Excelsior E. Co. v. Sweet, 57 N. J. Law, 224, 30 Atl. 553; Curtis on Elec. 460.

Pettus, Fuller & Lapsley, of Selma, and I. I. Canterbury, of Linden, for appellee.

It is not the duty of the trial court to give a misleading charge. Montevallo Min. Co. v. Little, 208 Ala. 131, 93 So. 873. It would not have been proper for defendant to interject the Southern Railway Company into the case. L. & N. v. Lynne, 199 Ala. 631, 75 So. 14; Standridge v. Martin, 203 Ala. 486, 84 So. 266.

BOULDIN, J. The action is to recover damages for personal injuries. The complaint shows that defendant's telephone wire was strung across and over a railroad track, and that plaintiff, in course of his employment, had occasion to pass under the wire, and, in so passing, while standing erect upon the top of a freight car, he came in contact with the wire, and was injured.

It is averred that the wire was so low as not to clear a man of plaintiff's height, standing erect on the top of a car of the size on which he was riding.

After setting out these conditions, it is charged in general terms that the defendant negligently constructed said wire too low, or negligently allowed the same to become too low, which negligence proximately caused plaintiff's injuries.

[1] This complaint sets forth the conditions from which the duty of care toward plaintiff arose. Such duty being shown, a general averment of negligence is sufficient. Postal Telegraph Cable Co. v. Jones, 133 Ala. 217, 32 So. 500; Western Union Telegraph Co. v. Jones, 190 Ala. 70, 66 So. 691.

[2, 3] There was no need to aver that the plaintiff or the car on which he was standing was not of unusual height. In placing wires across a railroad track, known to be used as it was used, the duty to provide ample clearance is not limited to the man of average height while riding on a car of usual size. The duty is to the tall man as well as the low, and whether riding on a high or low car in common use.

[4] If the men and the car on which he was riding reached such unusual or unprecedented height that in the exercise of reasonable care the danger could not have been foreseen, such matter was defensive. The duty is measured by the danger of the situation. A wire across a railroad track is manifestly dangerous if hung so low as to catch a man, passing under it with the speed

of a train, whether on the main line or a spur track. One element of the danger is that a wire does not readily attract attention. Ample clearance may be easily provided without substantial cost. There is, in such case, the duty to ascertain what is a sufficient clearance. A failure so to do, and the placing of a wire in such position that a man rightfully there comes in contact with it, raises a presumption of negligence. The doctrine of res ipsa loquitur applies. Ala. City G. & A. Ry. Co. v. Appleton, 171 Ala. 324, 54 So. 638, Ann. Cas. 1913A, 1181. The complaint disclosed that at the time of his injury plaintiff was an employee of Southern Railway Company, and in the discharge of his duties for that company in the use of the track. These facts did not make it necessary for the plaintiff to aver or prove that the Southern Railway Company had a right of way prior and superior to that of the defendant.

The construction and operation of a railroad and telephone line may rightfully be had over the same ground, so long as the one does not infringe upon the right of the other. The duty to plaintiff did not grow out of his relation to Southern Railway Company. That relation was merely the occasion which brought plaintiff within the class of persons rightfully passing under the overhead wire. The duty to provide against danger was a duty to plaintiff personally, and not to his employer, so far as this action goes. The case is not different in principle from that of stringing a wire over or across a public highway. In the latter case the duty to provide against danger is due to any person in the use of the highway, while in the case at bar the duty is to any person of the class rightfully using the right of way as it was used.

[5, 6] It follows that no failure of duty on the part of Southern Railway Company to provide a safe place of work for its employees would acquit the defendant of its duty in the premises. If there was a working arrangement between this defendant and any employee of the railroad company, other than this plaintiff, by which the defendant was to be notified of any defect in the construction of its overhead wires, such arrangement would merely constitute such employee the defendant's agent in that regard, and any negligent failure to give notice or remedy the defect would be a failure of duty on the part of defendant.

[7, 8] The liability for injuries resulting from concurring negligence of two or more tort-feasors is several. Neither can defend for the failure of duty on the part of the other. The sole question is: Was the negligent failure of duty on the part of the defendant the sole or concurring proximate cause of the injury? If so, the defendant becomes liable for full compensatory damages. The trial court very properly, in such case,

refuses any testimony tending to divert the attention of the jury to some wrongful act or negligence of a party not sued. Our Workmen's Compensation Law, Acts 1919, p. 206, section 32, makes provision in certain cases for a third party to have its benefits.

[9] Like all claims under part 2 of that act, the claimant must become the actor and make a showing of his right to its benefits. It was not necessary for plaintiff to negative the terms of section 32 of the Compensation Act. Neither would a right of action against the Southern Railway Company under the Federal Employers' Liability Act (Comp. St. §§ 8657–8665) constitute any defense to this action.

[10, 11] The evidence, without dispute, shows that plaintiff was, at the time of his injury, an employee of the Southern Railway Company, and that certain of plaintiff's witnesses were such employees. The witness Jones testified that he supposed that company was to pay his way to court, and that he was ordered there. This sufficiently disclosed any interest of the witness as affecting his credibility. The further efforts to show voluntary activity of the railroad company or its employees in aiding to procure the X-ray photograph, or that plaintiff had filed a claim against that company, tended to divert the issue to one of liability of that company for the injury. There was no error in refusing this testimony.

An X-ray photograph was admitted in evidence for plaintiff. The evidence as to the taking of the photograph and what its reading disclosed was by deposition. This testimony tended to show the photograph was taken by a qualified expert; that it was read by the witnesses qualified by experience and training to do so; and that it disclosed a fracture of the second lumbar vertebra.

[12, 13] Objection is made to the photograph as evidence upon two grounds. (1) It is not sufficiently identified as the photograph so taken, and testified about by the witnesses. (2) That the reading of an X-ray photograph is the work of an expert; that a jury cannot read it; and that it should be admitted only along with the testimony of a competent reader of such photographs, pointing out to the jury the features showing the injury in question.

The X-ray photographer testified to an identifying number placed by him thereon, with the date. The photograph is made part of the record. An examination discloses the number "490," and "6–4–23," standing for June 4, 1923. These marks, in connection with the testimony, are sufficient on the question of identification.

The evidence afforded by the advance of science, in making discovery of the hitherto unseen and unknown, is generally admitted in American jurisprudence. The reason is obvious. Accordingly, X-ray photographs showing the bony structure of the human body, when proven to be taken by a competent person, and properly identified, are admitted in evidence for the purpose of showing injuries or the presence of foreign objects. Jenkins v. School, 90 W. Va. 230, 110 S. E. 560, 22 A. L. R. 323; Covington v. Bowen, 191 Ky. 376, 230 S. W. 532; Prescott & N. Western Ry. Co. v. Franks, 111 Ark. 83, 163 S. W. 180, Ann. Cas. 1916A, 773, and note p. 776.

Members of this court, with the aid of such background of light, and probably with about the same skill available to the jury, have examined the photograph in question. It reveals clearly enough the bony structure of the trunk, including the bones of the pelvis, the ribs, and the backbone; shows the outline of the several vertebræ with their processes. We cannot, without aid, discover with any assurance the particular appearances indicating the fracture testified to by the expert witnesses. We are persuaded such photographs may be much more valuable evidence when explained to the jury from the stand by a person skilled in reading them, giving the angle at which they were produced, and the special appearance of the part involved indicating injury vel non. We think, however, this photograph admissible in connection with the expert testimony given by deposition. At least, it shows there was a photograph, giving, with all the accuracy of nature's laws, the outlines mentioned. This fact is a circumstance from which an inference may be drawn favorable to the opinion given by those entirely familiar with the details of the human anatomy, and skilled in detecting injuries thereto by making and reading such photographs. Any inability of the jury to discover unaided the evidences testified to by the experts would probably weaken the probative effect of the photograph with the jury, and work no injury to the defendant.

[14] In his oral charge the trial court reviewed in detail the averments of the complaint, properly placed the burden of proof, and stated correctly the facts to be found by the jury in order to a recovery. His further summing up in the words excepted to by defendant was not subject to the criticism stated in P. F. I. Co. v. Draper, 187 Ala. 103, 65 So. 923.

[15] The refusal of defendant's charge in writing, viz.: "I charge you, gentlemen of the jury, that if you find from the evidence that plaintiff sustained his alleged injuries as the result of an accident, you cannot award him any damages," was without error. Montevallo Mining Co. v. Little, 208 Ala. 131, 93 So. 873.

[16] The evidence for defendant tended to show knowledge of the use of this track by the Southern Railway Company, that after the track was constructed the defendant caused the wire to be raised, that it remained in the position placed by defendant

until this accident happened. In view of the further evidence that the plaintiff did come in contact with the wire and received injury, there was a clear case for the jury on the whole evidence. The affirmative charge was properly refused to defendant.

The plaintiff's injuries were mainly subjective. The extent of the disability as well as pain depended much on the testimony of the plaintiff. The evidence of Dr. Furness, of Dr. Solomon, and of Dr. Meadows, in connection with the X-ray examination, all furnished some corroboration as to the nature of the injury, its duration, and the pain incident thereto.

In passing upon the plaintiff's testimony, his personal appearance, his manner upon the stand, and all the circumstances attending the giving of his evidence, were important. These matters were before the jury and trial court, and are not before us. The loss of wages, expenses of treatment, protracted pain, and uncertain duration of even partial future disability given support by the evidence, if true, fully warranted the amount of damages awarded by the verdict. We would not be warranted in holding the verdict excessive.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.

On Rehearing.

Criticism is made of the foregoing opinion in the announcement made touching the application of section 32 of the Workmen's Compensation Law.

Attention is called to Steagall v. Sloss-Sheffield Steel & Iron Co., 205 Ala. 100, 87 So. 787. In that case it is held that, in a suit by employee against employer, the case is presumed to be governed by part 2 of that law, and should be brought thereunder, or the complaint should aver facts excepting the case therefrom. There was and is no purpose to depart from the rule there announced.

Section 32 covers two classes of cases wherein an employee sues a third person for wrongful injury: (1) When the third person sued, as well as the employer, are both subject to the provisions of part 2 of the act. In that case the amount of recovery is determined by the act. (2) When the third person is not subject to such provisions. In that case the suit proceeds and recovery is had as though the plaintiff was not an employee of some other person. There is no presumption that a tort-feasor, with whom plaintiff has no connection as employer and employee, is or is not subject to the provisions of the act. Whether he is or not is within his knowledge, rather than the knowledge of the injured party. We think

the act does not place the burden on the injured party in such case to ascertain whether the defendant is entitled to have the recovery limited to the compensation provided in the Compensation Act. The defendant must become the actor, and bring himself within the class of third persons entitled to the benefits of the Compensation Law.

Application overruled.