[No. 33737. Department Two. October 11, 1956.]

CHARLES WESLEY SHIPMAN *et al., Respondents,* v. L. C. FOISY *et al., Appellants.*[1]

[1]Reported in 302 P. (2d) 480.

*James Leavy* and *Duane E. Taber*, for appellants.

*James J. Lawless*, for respondents.

HILL, J.—This is a personal injury action involving the not unusual questions of negligence, contributory negligence, intervening cause, and amount of damages.

A judgment of $15,000 for general damages and $1,566.90 for special damages was entered upon the verdict of a jury in favor of Charles Wesley Shipman and his wife. Mr. Shipman will be referred to as though he were the only plaintiff (and respondent).

The jury must of necessity have found that the plaintiff had caught his toe in "a small hole, a chip out," in the slide area of a bowling alley and, in consequence of the fall resulting therefrom, sustained a serious lower back injury. The bowling alley was operated by L. C. Foisy, who will be referred to as though he were the only defendant. Mr. Foisy appeals from the judgment.

The existence of the small hole cannot be seriously questioned; but there is no proof of actual knowledge thereof by the defendant or his manager prior to plaintiff's fall. The questions of whether the hole caused the plaintiff's fall, whether it had existed for such a period of time that the defendant's manager should have known thereof, and whether it was of such character that the condition should have been remedied, were presented to the jury under proper instructions. Contrary to the defendant's contention, we see no possibility that the jury was confused or uncertain about the necessity that defendant be proved to have had knowledge, actual or imputed, of the defect in the bowling alley prior to the plaintiff's fall.

Whether the plaintiff should have seen the defect which caused his fall and should have avoided it (*i.e.*, the issue of contributory negligence), was likewise presented to the jury under proper instructions. We do not agree with the

defendant that contributory negligence was an issue which the court should have decided as a matter of law.

The defendant had a theory that another injury or intervening cause was responsible for all or part of the plaintiff's injuries and disabilities. The defendant complains that this theory was ignored by the trial court when it permitted a hypothetical question which made no reference to any other injury, and when it refused to give an instruction predicated thereon.

The defendant offered no proof of another injury or intervening cause other than the plaintiff's statement that in June (following his fall on the bowling alley in April) he stooped over to pick up a screen door "and at that time one of those spasms, or whatever you call it, struck my back. I was on the job, and I had to get relief some way." His further testimony was that he had such "spasms" both before and after the occasion when he stooped to pick up the screen door. That is not sufficient to establish an injury subsequent to the fall at the bowling alley or any other intervening cause. The defendant's theory, having no evidentiary support, was properly ignored by the trial court. Cases such as *DeKoning v. Williams* (1955), 47 Wn. (2d) 139, 286 P. (2d) 694, and *Berndt v. Department of Labor & Industries* (1954), 44 Wn. (2d) 138, 265 P. (2d) 1037, have no application.

No serious attack is made on the amount of the general damages. The defendant does, however, challenge certain of the items of special damage. The contention by the defendant that Dr. A. W. Stevenson's examination of the plaintiff was solely to enable him to testify as a witness and hence is not a proper item of damage, is not sustained by the record. The doctor testified that he had been called upon to recommend treatment "in consultation for Dr. Franco."

It is clear that Dr. Stevenson not only recommended certain treatment but also recommended that, if that treatment should fail, surgery should be performed. He also recommended a hard bed and a special type of "health belt." The plaintiff testified that "Dr. Stevenson's prescrip-

tions run $20.00 a prescription," and that he had the prescription filled twice.

■ There is merit, however, in the defendant's criticism of two items covering X rays and some travel expense. A sinus X ray ($12.50) and a chest X ray ($11), included in the bill of the Ellensburg General Hospital, have no relationship to the injury sustained in consequence of the fall for which the defendant was found to be responsible. They may have had some connection with an attack of pneumonia which the plaintiff suffered sometime subsequent to that fall; however, he failed in his attempt to establish a causal relationship between the fall and the pneumonia when Dr. Stevenson declined to answer a question propounded for the purpose of establishing that relationship. The charges for those two X rays are not proper items of damage. See *Kennett v. Yates* (1954), 45 Wn. (2d) 35, 39, 272 P. (2d) 122.

■ The plaintiff lived in Richland, Washington. Charges for eighteen round trips to Grandview for treatments ($88.20) and for a round trip to Ellensburg for medical examination and treatment ($16.94) were not shown to be reasonably necessary and should not have been allowed as special damages. We recognize the right to travel expense as an item of damage where the travel is reasonably necessary to secure adequate treatment or care (including consultation with specialists) (*Kirk v. Seattle Electric Co.* (1910), 58 Wash. 283, 108 Pac. 604; *Alabama City G. & A. R. Co. v. Appleton* (1911), 171 Ala. 324, 54 So. 638), and we recognize that whether such expenditures are "reasonable and necessary and judicious" is a question to be determined by the jury (*Hart v. Railroad Co.* (1890), 33 S. C. 427, 12 S. E. 9). However, in the absence of some showing of such necessity, travel expense outside the plaintiff's home community is not a proper element of damage. See *Kirk v. Seattle Electric Co., supra.*

The judgment for special damages is reduced by $128.64, and, as so reduced, the judgment is affirmed.

The plaintiff-respondent, having prevailed on all the major issues, will recover his costs on this appeal.

DONWORTH, C. J., MALLERY, WEAVER, and OTT, JJ., concur.