[No. 38831. Department Two. April 18, 1968.]

HAZEL M. WAGNER, *Respondent*, v. JOHN H. PATTERSON, *Appellant.**

*Allen Lane Carr* (of *Clodfelter, Lindell & Carr*), for appellant.

*Horace H. Davis*, for respondent.

*Reported in 440 P.2d 162.

Hamilton, J.—In this action, plaintiff (respondent) alleged the defendant (appellant) committed two separate batteries[1] upon her person, the first on May 1, 1964, and the second on January 4, 1965. She asserted that these acts of the defendant activated and aggravated a pre-existing arthritic condition of the cervical area of her spine which, in turn, caused pain and disability and required medical treatment and hospitalization. Defendant denied the batteries and attributed any suffering, disability, and resultant medical expense to plaintiff's own fault or physical condition.

Trial was had before the superior court sitting without a jury. The trial judge resolved the conflicts in the evidence in favor of the plaintiff, and entered findings of fact and conclusions of law assessing plaintiff's damages to be in the amount of $10,000, including medical expenses, loss of earnings as well as pain and suffering. Judgment was accordingly entered. Defendant's motion for new trial was denied and this appeal followed.

Although eight assignments of error are made, defendant's primary contentions revolve about his claim that the trial court improperly admitted into evidence and considered in the award of damages plaintiff's medical and hospital bills, which were substantial in amount. In this respect, defendant contends that plaintiff failed to establish that the respective amounts were either "necessary" or "relevant." Defendant does not challenge the reasonableness of the charges, or that the bills were in fact incurred.

Basically, defendant mounts his attack against the "necessity" for the expenditures involved upon the assertion that no causal relationship was established between the batteries charged to him and the physical conditions for which plaintiff was treated and hospitalized. In short, he contends that there is insufficient medical testimony to support a finding that the batteries caused an aggravation of the plaintiff's pre-existing arthritic condition and/or gave rise to the need for treatment and hospitalization.

---

[1] Although the parties refer to the acts complained of as assaults, the torts complained of are more properly characterized as batteries. *See* Restatement (Second) Torts §§ 18 and 21 (1965).

We cannot agree with defendant.

Concerning the causal relationship between the batteries and aggravation of plaintiff's arthritic condition, plaintiff's treating physician testified as follows:

Q. Well now, assuming that her statement to you regarding this assault by Mr. Patterson was true, now, on June 4th or in May of 1964, do you have an opinion based upon a reasonable medical certainty as to whether or not there was a relationship between the assault and the flareup of the osteoarthritis? A. In my own mind I don't think there is much doubt about it when she, right after this, the arthritis got much worse, and then between episodes of assault she would gradually get better, and then she would have a traumatic episode and then it would get worse. She had spurs broken off there. I don't know whether these were broken off during the traumatic episodes or whether they just broke off with time. Q. Well, do I understand your answer to be that there is such a relationship? A. I don't think there is any doubt about it. If you have osteoarthritis and the joint involved has a traumatic episode, the arthritis gets worse.

Concerning the need for hospitalization, the treating physician stated:

Q. All right. And why was it that you felt necessary that she be hospitalized? A. Well, she wasn't responding as well as we liked her to, and she continued to have pain in her shoulder and pain in her left side, and in addition, abdominal pain. The question arose in my mind whether she had contusions of the left kidney or possibly rupture of the left spleen, or the spleen, rather. And we took her in for verification whether she did or didn't have these extensive injuries, which you can sustain during something of this sort.

On cross-examination, the doctor further amplified his reason as follows:

Q. . . . . You stated you put her in the hospital because she had some abdominal pain and possible spleen damage. Would you explain that in a little more detail for me? . . . . A. Well, she had acute abdominal pain mostly in the left side, and she had been through a traumatic episode, and the question arose whether she had a ruptured spleen with bleeding into the peritoneal cavity or whether she had a contusion of the left kidney.

Q. Would you say, Doctor, this was the main reason you put her in the hospital? You felt you couldn't do that test by out-patient care? A. You couldn't do it adequately, no, and she was in, of course, for physiotherapy. . . . Q. So really did you put her in the hospital for the sore shoulder or did you put her in the hospital because she had some of these problems? A. No, I put her in the hospital because she had pain after the accident which she didn't have before, and I wanted to make very certain she didn't have any life-threatening illness such as a ruptured spleen or a ruptured kidney. Q. So you didn't really put her in the hospital because of a sore shoulder? A. Oh, yes, I did. She hurt all over on the left side.

This testimony fully meets the tests of causal relationship and the necessity for medical treatment and hospitalization outlined in *Miller v. Staton*, 58 Wn.2d 879, 365 P.2d 333 (1961) and *Shipman v. Foisy*, 49 Wn.2d 406, 302 P.2d 480 (1956). The trial court did not err in admitting into evidence the medical and hospital bills or in considering such bills in connection with the award of damages.

Defendant's contention going to the question of "relevancy" of the bills springs from the fact that while in the hospital, plaintiff received some treatment for a pre-existing and chronic genito-urinary infection and diabetic condition. In this vein, defendant asserts that the expenses attributable to these unrelated conditions were not appropriately segregated from those hospital and medical expenses otherwise related to the alleged batteries. He predicates this assertion upon the case of *Wappenstein v. Schrepel*, 19 Wn.2d 371, 142 P.2d 897 (1943), wherein this court stated the following rule, at 375:

Where there is evidence as to injuries or loss resulting from various causes, for some of which the defendant cannot be held responsible, but no evidence of the portion of such injuries or loss for which the defendant may be liable, the proof is too uncertain to enable the jury to determine the amount of such injury or loss.

Again we cannot agree with defendant.

The plaintiff's treating physician testified, as heretofore indicated, that plaintiff's hospitalization was primarily focused upon physical conditions which he attributed to the

traumatic episode involved. And, he stated that concurrent treatment of her chronic conditions was necessarily secondary and incidental to her hospitalization. Concerning a breakdown of the costs attributable to the secondary treatment, the doctor testified:

Q. All right. Is there any way you can segregate the costs of this hospitalization? You must realize this case has to be evaluated in some manner. Can you do that? I realize it is difficult. A. You can break it down, urinary cultures, the blood sugar, and you delete those and that would be it, and the total costs would be in the neighborhood of $15, something like that.

From the foregoing, we are satisfied that (a) the doctor's testimony established a prima facie segregation of the incidental expense, and (b) the extent or amount of the incidental expense revealed by the doctor's testimony is not of such magnitude as to import a degree of prejudice requiring reversal of the judgment and a remand for new trial.

Defendant's remaining assignments of error are directed to findings of fact, which we find from the record to be amply supported by substantial evidence.

The judgment is affirmed.

FINLEY, C. J., HUNTER and NEILL, JJ., and LANGENBACH, J. Pro Tem., concur.