134 So.2d 783

**Lonnie WARDEN**

v.

**STATE.**

3 Div. 93.

Court of Appeals of Alabama.

Nov. 14, 1961.

**450**

Lonnie Warden, pro se.

MacDonald Gallion, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

HARWOOD, Presiding Judge.

This is an appeal from a judgment of Hon. Eugene Carter denying this appellant's discharge in a habeas corpus proceeding.

In his petition filed in the Circuit Court below, the appellant asserts that he was convicted on *an* indictment charging carnal knowledge and sentenced to life imprisonment in the State penitentiary of Alabama, said conviction "had at a trial in Huntsville, Alabama, County of Madison on May 1956."

■ Thereafter petitioner enters a catalog of alleged violations of his constitutional rights in his trial in the Circuit Court of Madison County. Appellant alleges that he was beaten into unconsciousness a number of times, in an attempt to procure a confession from him; that the State coerced false testimony to secure his conviction; that money was paid to witnesses to keep them from testifying in his behalf, and etc.

In his answer to the petition, Martin J. Wiman, Warden of Kilby Prison, showed that he was detaining this appellant under and by virtue of judgments of convictions of the Circuit Court of Madison County,

Alabama, rendered in six separate and distinct trials of this appellant, under six separate and distinct indictments charging him with carnal knowledge of six separate girls, all of whom were under the age of 12 years.

The respective judgments entered in these cases show that this appellant was represented by a highly competent attorney, and that upon his trial under each indictment, he entered a plea of guilty.

Appellant, in the proceedings below, has attempted to raise matters that should have been raised by an appeal.

■ The writ of habeas corpus cannot be used to replace a writ of error or an appeal. Nor can the writ be used to correct errors in the judgment, if the jurisdiction of the court rendering the judgment is without question. Jurisdiction of the Circuit Court of Madison County to enter the judgments which it did enter, and which are in every way regular on their face, cannot be questioned. Howard v. City of Bessemer, 40 Ala.App. 317, 114 So.2d 158.

Nowhere in his petition does this appellant assert, or even intimate, that he is not guilty of the heinous offenses to which he did plead guilty.

The reading of the opinions of this court, and of the Alabama Supreme Court, would show that no courts have more jealously protected elemental and constitutional rights of the accused. We are now receiving a large number of various sorts of documents from prisoners confined in the penitentiaries of this State, seeking extraordinary writs. Apparently encouraged by recent decisions of the Federal courts, they do not hesitate to make the most extravagant claims of deprivation of constitutional rights in their trials in the courts of this State. It is often difficult for the court below and for this court to determine just what relief these documents are seeking, other than the authors want out of the peni-

tentiary. We think it high time that the judgments of a trial court be given some presumption of validity, and that it should not be assumed that a criminal has been deprived of due process of law simply because he is desirous of escaping punishment for the crime for which a jury and a competent and just judge have found him guilty.

Society, too, has a strong social interest in the protection of its law-abiding citizens from rapacities of the criminally inclined.

In this connection we were impressed with the remarks of Judge Hutcheson of the United States Court of Appeals, 5th Circuit, in Wiman v. Powell, 293 F.2d 605 (1961), at 609, wherein he writes:

"* * * Perhaps the basic trouble in cases like the one here is that (instead of, as is required in International Law, where a case is sought to be made of an injustice done to the claimant, the primary emphasis is on proving that an injustice was in fact done him; that, in short, he was not guilty of the crime charged against him) the courts and the prosecution are so concerned with questions of fair play from a purely technical standpoint as to lose sight entirely of the primary question whether the defendant, in whose interest these questions of fair play are raised, is in fact innocent. It may well be that when a defendant seeks to invoke in his favor these ideas of fair play, he must first lay the predicate of showing his innocence of the crime charged. As it is, his hands may be red with blood and his guilt may shriek to high heaven but if he can invoke some of these overattenuated and highly technical ideas of theoretical fair play, he may escape altogether the consequences of his crime."

The judgment of the court below is due to be affirmed and is so ordered.

Affirmed.