JOSEPH J. MULLINS, Retired Circuit Judge.
The Grand Jury of Marshall County returned an indictment against the appellant, Lloyd Duncan, charging him with rape. Appellant entered a plea of not guilty. A jury found him guilty as charged and fixed his punishment at ten years imprisonment in the penitentiary and he was duly sentenced by the court to ten years in the penitentiary. He appeals to this Court.
Appellant was represented at all proceedings in the trial court by counsel of his choice and is here so represented. This appeal was submitted to this Court on briefs.
The appellant contends that his conviction should be set aside and he should be given another trial due to the trial court overruling his motion for a continuance of his trial. The grounds for a continuance were to allow the counsel for appellant to have time to study a recent Act of the Legislature of the State of Alabama about evidence in a rape case.
On April 21,1977 the following act passed by the Legislature of Alabama became effective:
(Vol. 1 Acts of Alabama Regular And Special Sessions 1977, Page 328)
“Be It Enacted by the Legislature of Alabama:
Section 1. As used in this act, unless the context clearly indicates otherwise:
(a) ‘Complaining witness’ means any person alleged to be the victim of the crime charged, the prosecution of which is subject to the provisions of this act.
(b) ‘Criminal sexual conduct’ means sexual activity including, but not limited to rape, sodomy, sexual misconduct, sexual abuse, or carnal knowledge.
Section 2. (a) In any prosecution for criminal sexual conduct, or for assault *746 with intent to commit, attempt to commit, or conspiracy to commit criminal sexual conduct, evidence relating to the past sexual history of the complaining witness, as defined in Section 1 of this act, shall not be admissible, either as direct evidence or on cross-examination of the complaining witness or of other witnesses, except as otherwise herein provided. For the purpose of this act past sexual behavior includes, but is not limited to evidence of the complaining witness’s marital history, mode of dress, general reputation for promiscuity, nonchastity or sexual mores contrary to the community standards.
(b) In any prosecution for criminal sexual conduct, evidence relating to the past sexual behavior of the complaining witness shall be introduced if the court, following the procedure described in paragraph (c), finds that such past sexual behavior directly involved the participation of the accused.
(c) The procedure for introducing evidence as described in paragraph (b) shall be as follows:
(1) At the time the defense shall seek to introduce evidence which would be covered by subsection (b), the defense shall notify the court of such intent, whereupon the court shall conduct an in camera hearing to examine into the defendant’s offer of proof. All in camera proceedings shall be included, in their entirety, in the transcript and record of the trial and case.
(2) At the conclusion of the hearing, if the court finds that any of the evidence introduced at the hearing is admissible under paragraph (b), the court shall by order state what evidence may be introduced by the defense at the trial of the case and in what manner the evidence may be introduced.
(3) The defense may then introduce evidence pursuant to the order of the court.
Section 3. The provisions of this act are severable. If any part of this act is declared invalid or unconstitutional, such declaration shall not affect the part which remains.
Section 4. All laws or parts of laws which conflict with this act are hereby repealed.
Section 5. This act shall become effective immediately upon its passage and approval by the Governor, or upon its otherwise becoming a law.
Approved April 21, 1977.
Time: 5:45 P.M.’’
The alleged rape was on the night of May 14 and 15, 1977. The appellant was arrested May 15,1977 and charged with rape, and on May 18, 1977 admitted to bail. The indictment was returned against him on May 26, 1977 and on June 8, 1977 he' was duly arraigned and entered a plea of not guilty and his case was set for trial on July ,25, 1977 at 9:00 o’clock, A. M. On July 25, 1977 the appellant’s attorney, when asked by the trial judge if he was ready to strike a jury for the trial of the case, stated he was not and asked the court to continue the case so that the attorney for appellant could have time to study the above act; that appellant’s defense was consent and that he had prepared his case to present the defense of consent to the jury; that counsel had diligently researched the law on the question and did not know of the existence of the above action of the Legislature until this morning; that he needed time to study the act in order to present his client’s defense to the jury. The court overruled his motion for a continuance and proceeded with the trial.
The granting or denying a continuance is within the sound discretion of the trial judge. Unless it appears to this Court from the record that the trial judge has abused his discretion and such action was prejudicial to the appellant, this Court will not interfere. Fletcher v. State, 291 Ala. 67, 277 So.2d 882; Fisher v. State, Ala.Cr.App., 346 So.2d 4, certiorari denied, Ala., 346 So.2d 8.
We have reviewed the entire record and conclude that the trial court did not abuse its discretion in overruling the appellant’s motion for a continuance. Appellant *747 was allowed to introduce all evidence offered by him of all of the complaining witness’ past sexual behavior directly involving the participation of the appellant.
No other rulings of the trial court are argued in appellant’s brief.
We have searched the record for any errors prejudicial to the defendant and have found none.
The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by the Honorable Joseph J. Mullins, a retired Circuit Judge, serving as a Judge of this Court under the provisions of Section 6.10 of the new Judicial Article (Constitutional Amendment No. 328, Act # 1051, 1973); his opinion is hereby adopted as that of the Court.
The judgment below is hereby affirmed.
AFFIRMED.
All the Judges concur.