DeCARLO, Judge.
This is an appeal from the denial of the appellant’s petition for writ of error coram nobis. A full evidentiary hearing was conducted by the trial court on the petition and testimony was taken over a two-day period. The appellant had been convicted of robbery and sentenced to twenty-five years’ imprisonment. This court affirmed his conviction on appeal and the Alabama Supreme Court denied certiorari without opinion. Robinson v. State, 389 So.2d 144 (Ala.Cr.App.), cert. denied, 389 So.2d 151 (Ala.1980).
The question appellant presents for our review is basically the same issue he raised in his motion for new trial[1] concerning the testimony of Forrest Allen Spears with one additional factor. After appellant’s motion for new trial was overruled, Spears was indicted for the same robbery and subsequently pleaded guilty, receiving twenty years to run concurrent with other sentences.
*284 Appellant maintains that the State adopted inconsistent positions in arguing Spears’ confession was not credible to the end his (appellant’s) motion for new trial was overruled, and then utilizing the same confession to obtain an indictment and conviction against Spears. Appellant alleges that had the jury known about Spears’ confession and guilty plea, he would have been absolved of any guilt. Appellant’s position is that the State should have to choose whether to accept Spears’ confession as wholly true or wholly false. Finally, appellant contends that because it was undisputed that only one robber actually entered the pharmacy in question, the action taken by the State has resulted in “two men serving a sentence for a robbery that was committed by only one man.”
At most, the “newly discovered evidence” that was revealed at the evidentiary hearing on appellant’s petition for writ of error coram nobis demonstrates that appellant did not act alone in the commission of the robbery, that he was aided by Spears and a man named Steven Shrader. Three men were seen leaving the pharmacy in the getaway-car. The car belonged to Spears and his fingerprints were found inside the vehicle, as were Shrader’s. By all fair inferences, either Spears or Shrader was the “wheel man.” Appellant was identified as the robber who actually entered the pharmacy. In addition, the State had confidential reliable information that appellant, Spears and Shrader had committed the robbery. Likewise, Spears’ confession, when the grain is separated from the chaff, definitely implicates Spears, but does not necessarily vindicate appellant. We know of no rule of law which requires the State to accept every word of a defendant’s confession as gospel, or which prohibits the ferreting out of fiction from fact. It was brought out at the evidentiary hearing that the twenty-year sentence Spears received on his guilty plea, which was to run concurrent with other sentences, “didn’t cost him a dime.” He obviously had nothing to lose by attempting to accept full responsibility for the robbery and by denying appellant’s complicity in the crime. As the trial court stated in its judgment denying appellant’s petition:
“This Court entertains the same doubt as it always had as to the truthfulness of Forrest Allen Spears statement that he was the one man in the store, but little or no doubt that he was involved in the robbery. His plea of guilty says so but makes no differentiation as to personal appearance in the store, wheel man of his car, lookout, or whatever.”
The trial court made certain other findings in its judgment which are supported by the record and which demonstrate that the judgment denying appellant’s petition was based on correct legal principles. Those findings are as follows:
(1) That Spears’ involvement and possible guilt were known to appellant at the time of trial.
(2) That the original judgment was not tainted with fraud, actual or constructive.
(3) That the State’s reasons for indicting Spears following his confession (and after appellant’s trial) were not material to the decision denying appellant’s petition.
(4) That if appellant were tried again with the present facts available, a change of verdict would be unlikely.
(5) That the new evidence did not create a reasonable doubt which did not otherwise exist.
(6) That the original verdict was not of questionable validity and that the additional facts were not sufficient to prevent the original judgment.
(7) That the State had not suppressed the truth or violated a legal duty to appellant.
(8) That appellant’s right to relief had not been established by clear, full and satisfactory evidence beyond a mere balancing of probabilities such as would convincingly satisfy the court on the merits of the petition.
As this court stated in Pitts v. State, 360 So.2d 736, 738-739 (Ala.Cr.App.1978), a case which is substantially similar to the instant one in that it involved a subsequent confession to a robbery by the petitioner’s brother after the petitioner was already in *285 jail and the judgment of conviction had been affirmed on appeal:
“The office of the writ of error coram nobis, under Alabama law, is to bring to the attention of the court for correction an error of fact, one not appearing on the face of the record, unknown to the court or party affected, and which, if known in time, would have prevented the judgment challenged, and serves as a motion for a new trial on the ground of newly discovered evidence. Tillis v. State, 349 So.2d 95 (Ala.Cr.App.), cert. denied, 349 So.2d 100 (Ala.1977); Groce v. State, 48 Ala.App. 709 at 710, 711, 267 So.2d 499 (1972). “Under the decisions of this court and the Alabama Supreme Court, ‘coram nobis is not some ‘probable cause’ hearing at which the trial judge determines whether the petitioner/defendant should be accorded a new trial so that the trier of fact will have the benefit of the additional testimony.
‘To the contrary, these decisions clearly show that the trial judge must “believe” the testimony and that the burden on petitioner is to submit clear, full and satisfactory proof of his assertions for relief.’
Seibert v. State, 343 So.2d 788 at 790 (Ala.1977).
“The mere existence of a confession of guilt by one other than the applicant for the writ of error coram nobis will not furnish a sufficient reason for its issuance. Ex parte Fewell, 261 Ala. 246, 73 So.2d 558 (1954); Ex parte Reliford, 37 Ala.App. 697, 75 So.2d 90 (1954).” (Emphasis added).
In effect, the writ serves as a motion for a new trial on the ground of newly discovered evidence. Vaughn v. State, 395 So.2d 95 (Ala.1979); Seibert v. State, 343 So.2d 788 (Ala.1977).
In a coram nobis proceeding, the petitioner bears the burden of submitting clear, full, and satisfactory proof of facts which, had they been timely submitted at trial, would have prevented judgment. The degree of proof is highly exacting as to facts and must convince the trial judge of the truth of the allegations in the petition. Summers v. State, 366 So.2d 336, 343 (Ala.Cr.App.1978), cert. denied, 366 So.2d 346 (Ala.1979). The petitioner on coram nobis is also confronted with the burden of rebutting the presumptions, among others, of the judgment of the trial court and the truthfulness of the testimony of the witnesses for the prosecution. Summers, supra, 366 So.2d, at 343.
Our independent search and examination of the evidentiary hearing, which was conducted with great deliberation and care by the trial court, convince us that the appellant failed to meet his burden of proof. That Spears would be indicted for robbery after his testimony at appellant’s motion for new trial, logically, should have been expected. The fact that he was indicted and pleaded guilty, and this is really the only new fact which was presented at the evidentiary hearing, hardly exonerates appellant. The trial court did not abuse its discretion in overruling appellant’s motion for new trial and it, likewise, did not abuse its discretion in denying his petition for writ of error coram nobis. “We do not assume that ‘a criminal has been deprived of due process of law simply because he is desirous of escaping punishment for the crime for which a jury and a competent and just judge found him guilty.’ ” Summers, supra, 366 So.2d, at 345 quoting from Warden v. State, 41 Ala.App. 449, 451, 134 So.2d 783, 784 (1961). This evidence presented on this appeal reveals that appellant has utterly failed to establish any valid reason for impeaching the original judgment of conviction. Therefore, the judgment of the Jefferson Circuit Court denying the petition for writ of error coram nobis is affirmed.
AFFIRMED.
All the Judges concur.

. See Section I of this court’s opinion in Robinson, supra, 389 So.2d, at 148-149, for a full discussion of this issue.