Robert P. Darrow was indicted for the offense of rape in the first degree in violation of § 13A-6-61, Code of Alabama 1975, and for the offense of sodomy in the first degree in violation of § 13A-6-63, Code of Alabama 1975. The jury found him guilty on both counts of the indictment, and the trial judge sentenced him to two life terms in the penitentiary, these sentences to run consecutively.
The chief witness for the State was the victim, who is the appellant's eleven-year-old daughter. She testified the appellant forced her to engage in sexual intercourse and various other sexual activities with him on June 14, 1982.
The next witness for the State was Sheila Gail Collins, a nurse employed by the Huntsville Hospital. She examined the victim on June 14, 1982, and noticed an abrased area on the labia minora of the vagina.
Roger Morrison, a criminalist with the Department of Forensic Sciences, testified seminal fluid of the same type as the appellant's was found on the victim's shorts.
Dr. John Diplacido, a practicing physician in Huntsville, Alabama, examined the victim on June 14, 1982. He testified that the victim's vagina had the appearance of someone who is married, or who had sexual intercourse regularly. The hymen was not present and the vagina was dilated. He observed abrasions to the vagina and found that two identifiable sperm were present in the vagina. In his opinion, intercourse had occurred 48 to 72 hours before the examination.
 I (a)
The appellant sought to present evidence which tended to show that the victim had previously engaged in sexual intercourse with her uncles. The trial judge refused to allow the appellant to interject this matter into evidence.
The appellant contends this evidence should have been allowed for two reasons. First, he should have been allowed to prove the victim had previously complained about sexual activities with her uncles to counter the effects of the testimony of Dr. Diplacido, who stated the victim had the vagina of "someone who regularly engaged in sexual intercourse."
Section 12-21-203 (b)(c), Code of Alabama 1975 provides:
 "(b) In any prosecution for criminal sexual conduct or for assault with intent to commit, attempt to commit or conspiracy to commit criminal sexual conduct, evidence relating to the past sexual behavior of the complaining witness, as defined in subsection (a) of this section, shall not be admissible, either as direct evidence or on cross-examination of the complaining *Page 396 
witness or of other witnesses, except as otherwise provided in this section.
 "(c) In any prosecution for criminal sexual conduct, evidence relating to the past sexual behavior of the complaining witness shall be introduced if the court, following the procedure described in subsection (d) of this section, finds that such past sexual behavior directly involved the participation of the accused."
 "Only evidence relating to the past sexual behavior of the complaining witness to that directly involving the participation of the defendant is admissible. Evidence of sexual activity between the complaining witness and third persons is immaterial and irrelevant. See Hollis v. State, 380 So.2d 409
(Ala.Cr.App. 1980)"
Smiley v. State, 435 So.2d 202 (Ala.Cr.App. 1983).
Under the above cited authorities, the appellant's contention that the evidence pertaining to the victim's prior sexual activities should have been admitted was properly rejected.
Furthermore, as the State points out in its brief, Dr. Diplacido's testimony concerning the victim's very developed vagina, would probably have been excluded, had there been an objection to such testimony. However, since there was no objection by the appellant, we see no reason why the appellant should have been allowed to explain the reasons why the victim's vagina was so developed.
The second reason the appellant contends the excluded evidence should have been admitted in spite of § 12-21-203, Code of Alabama 1975, is to show that the presence of semen found in the victim's vagina could have been the result of sexual intercourse with someone other than the appellant.
The appellant cites Gamble, McElroy's Alabama Evidence, § 32.01 (3d Ed. 1977) as authority. The pertinent part of that section reads as follows:
 "The general rule is that the accused is not allowed to introduce evidence of specific acts of unchastity by the prosecutrix with third persons. Such evidence has been held inadmissible upon the ground that it does not tend to prove her bad character for chastity. However, this rule of exclusion is inapplicable if the prosecution introduces evidence of traces of the alleged intercourse such as pregnancy, veneral disease, injuries to the body of the female and the presence of semen in her vagina. The accused is entitled to explain away such traces by showing that they are the product of intercourse with a third person at such a time as that such intercourse with such third person could have caused such traces. This is not using the fact of intercourse with the third person to prove the prosecutrix's bad character for chastity but is using such fact to show that traces, introduced by the prosecution, were created by a person other than the accused." (Footnotes omitted).
We do not agree with the appellant's argument. As we previously stated, the only evidence concerning the victim's past sexual activities, which is admissible, is that directly involving the participation of this defendant. Therefore, this evidence was properly excluded by the trial judge for this reason.
Furthermore, in order for this evidence to have been admitted, the evidence would have to relate to sexual intercourse with other persons during the 72 hour time frame which Dr. Diplacido testified the semen could have been present in the victim's vagina. The appellant testified he had complete custody of the victim during that specific period of time. He offered no evidence that someone else did, or could have had intercourse with the victim during that period.
 (b)
Lastly, we must point out that the appellant was indicted and convicted under § 13A-6-61 (a)(3), Code of Alabama 1975 which states:
 "(a) A male commits the crime of rape in the first degree if:
 "(3) He, being 16 years or older, engages in sexual intercourse with a female who is less than 12 years old." *Page 397 
Any evidence relating to the victim's past sexual activity is completely irrelevant and immaterial under the above cited statute.
Therefore, the evidence relating to the victim's past sexual activities with her uncles was properly excluded at trial.
 II
The appellant asserts reversible error occurred due to the "improper remarks" made by the prosecutor during closing argument. The allegedly prejudicial remark is set out below.
 "MR. McDANIEL: Judge, we're going to object to that. That's improper argument, comparing this man to John Paul Dejnoska or Gacy. That's improper argument. It's made for the sole reason to inflame and prejudice the jury.
 "MR. HOOPER: Judge, it goes to the weight of the character evidence." (R. 232).
Immediately, the trial judge stated:
 "THE COURT: Well, I think that Mr. Hooper is allowed a reasonable leeway to discuss the impact of character evidence, but I will instruct the ladies and gentlemen of the jury that you should draw no direct comparisons between such people and the defendant in this case. You must make your own independent assessment of the credibility and the weight of the evidence that has been presented to you." (R. 232).
Due to the trial judge's prompt instructions to the jury, we find the alleged harm, if any, to the appellant because of these remarks, was cured. Lippold v. State, 365 So.2d 1015
(Ala.Cr.App. 1978); Shadle v. State, 280 Ala. 379,194 So.2d 538 (1967); Retowsky v. State, 333 So.2d 193 (Ala.Cr.App. 1976); Kuczenska v. State, 378 So.2d 1182 (Ala.Cr.App. 1979), cert. denied, 378 So.2d 1186 (Ala. 1979); Kendricks v. State,378 So.2d 1203 (Ala.Cr.App. 1979).
 III
The appellant alleges that Alabama's Rape Shield Statute (§12-21-203, Code of Alabama 1975) is unconstitutional because it denies him his right to due process of law, his right to equal protection of the law, his right to confront and cross-examine witnesses and, therefore, his right to a fair and impartial trial.
We have reviewed the appellant's contentions concerning this issue and find no merit therein. (For a general discussion of the constitutionality of "rape shield" statutes which restrict the use of evidence of the victim's prior sexual experience, see generally 1 A.L.R. 4th 283. See also Smith v. State,409 So.2d 455 (Ala.Cr.App. 1981-82)) and authorities therein cited.
 IV
Ms. Collins, the nurse who examined the victim, was allowed to testify about a statement the victim made to her about the rape. The appellant claims this was error since the testimony constituted hearsay. We do not agree with this contention.
 "While the prosecution may not ordinarily take the initiative to prove the details of a complaint, there are circumstances under which the prosecution may so prove the details. Where the testimony of the prosecutrix is impeached by proof of self-contradictory statements, for example, the prosecution may prove her complaints in detail." (Footnote omitted).
Gamble, McElroy's Alabama Evidence, § 178.01 (3d Ed. 1977).
The issue in the case at bar was similarly raised in Murrayv. State, 355 So.2d 1153 (Ala.Cr.App. 1978). In that case, this court stated:
 "After . . . the complaining witness had testified as to the crime by defendant and after she had been allowed to be impeached by defendant as showing a contradictory statement by her, the State was allowed to prove prior consistent statements by her, that is, statements consisting of complaints that defendant had had carnal knowledge with her."
The identical situation occurred in this case. Therefore, the trial judge properly *Page 398 
allowed into evidence Ms. Collins' testimony concerning the victim's statement made to her about the rape by her father. This testimony was used to rehabilitate the victim, not to prove the truth of the matter asserted.
 V
The appellant contends that the State failed to prove a prima facie case and therefore his motion for a judgment of acquittal was improperly denied.
From our review of this record, it is clear to this court that the State presented sufficient evidence from which the jury could conclude that the appellant was guilty of the offenses charged in the indictment, beyond a reasonable doubt.Harris v. State, 333 So.2d 871 (Ala.Cr.App. 1976); Jackson v.State, 414 So.2d 1014 (Ala.Cr.App. 1982); Jennings v. State,439 So.2d 771 (Ala.Cr.App. 1983).
For the reasons stated above, the judgment of the trial court is due to be and is hereby affirmed.
Affirmed.
All the Judges concur.