This is an appeal from the denial of a pro se petition for writ of error coram nobis. In Duncan v. State, 355 So.2d 745
(Ala.Cr.App. 1978), this Court affirmed Lloyd Duncan's 1977 conviction for rape. Subsequently, Duncan filed a petition for writ of error coram nobis alleging that he was "denied adequate legal representation by his appointed counsel in that said counsel failed and refused to subpoena and question certain witness." Counsel was appointed and a hearing was held, after which the circuit judge denied the petition.
 I
We affirm the judgment denying the petition. In denying the petition the judge issued the following order which is supported by the record:
JUDGMENT
 "This Coram Nobis proceeding coming on to be heard was submitted to the court upon the Petition for Writ of Error Coram Nobis, on behalf of Lloyd Duncan, a state prisoner, the answer of the State of Alabama, and testimony ore tenus.
 "The petitioner was claiming that he was innocent of the crime of rape, for which he was convicted in this court in Case No. CC-77-200071, and that he was denied adequate legal representation by his attorney.
 "The evidence in the case fails to demonstrate the petitioner's innocence, and the defendant has wholly failed to meet the burden cast upon him in this regard. The only evidence offered, if believed, might tend to show that several years before the events on which the state's case was based, the prosecuting witness and the petitioner were involved in a romantic affair. The evidence consisted *Page 908 
of the testimony of relatives and close friends of the Duncan family. There was no evidence as to the events which occurred on the night of the incident on which the state's case was based. The evidence of the door being broken open, tires slashed, and telephone wires being cut, remain unimpeached. It was these facts, which corroborated the prosecuting witness's testimony, which led to the conviction of the petitioner in said case, and it is the opinion of the court, and the court so finds that the other aspects of the case were of little importance. It also appears that the petitioner knew of the omitted testimony. The court further notes that merely producing evidence which might tend to cause a different result is clearly insufficient in a Coram Nobis matter.
 "As to the contention of the petitioner, that he did not have effective counsel, the court finds that he did in fact have effective counsel and that, although another attorney might make different choices or choose different tactics, that petitioner was well-represented. Petitioner's counsel was employed and, in the opinion of the court, properly represented the petitioner.
 "As to the failure of the court to grant a continuance in the original case, this matter was thoroughly reviewed by the Appellate Courts of this state in Duncan v. State, 355 So.2d 745. Also, please note that the undersigned judge was the trial judge in that case, although the head-notes in the Reporter show that my collegue, Hon. Edward N. Scruggs, was the trial judge. This court also notes that after being released from prison, on parole, the petitioner was convicted of Capital Murder for the slaying of Eva Sims, the prosecuting witness, which case was also reviewed by the Appellate Courts of this state. See Duncan v. State, 436 So.2d 883
[(Ala.Cr.App. 1983)].
 "After carefully reviewing the petition, evidence and all the contentions of the petitioner, the court is of the opinion that the petitioner's petition should be denied. It is, therefore, CONSIDERED and ADJUDGED by the court as follows:
 "1. That the petitioner's Petition for Writ of Error Coram Nobis is denied.
 "2. That costs herein accrued are taxed to the petitioner, Lloyd Duncan.
"Done this 30th day of January, 1984."
At Duncan's rape trial, the defense was that the prosecutrix, Eva Sims, had previously had sexual relations with Duncan and consented to the sexual intercourse on the date in question. Defense counsel, Chuck Ogden, expected James Dobbins and Virgil Winkles to testify that "they had observed . . . Eva Sims and Lloyd Duncan at a trailer some years prior to the alleged rape and that they had had intercourse at that trailer." Their testimony would establish the prior sexual relationship between Sims and Duncan and impeach Sims' testimony denying this allegation. Dobbins and Winkles were not called to testify at trial.
The defense portion of the rape trial began on the second day of trial. On the night of the first day, Ogden first learned of the existence of Alabama's then newly adopted "Rape Shield Law". Trial began on July 26, 1977. This law, codified as Alabama Code 1975, § 12-21-203 (Supp. 1983), became effective on April 21, 1977. 1977 Ala. Acts 328, No. 251. Duncan asserts that Ogden "misunderstood the law" and "obviously became rattled and failed to use the ammunition he had." However, the trial record shows that, although the discovery of the Rape Shield Law "surprised" Ogden, this matter was discussed with the trial judge, who specifically ruled that defense counsel would be allowed to present testimony about the prior relationship between the prosecutrix and the defendant.
Although Ogden testified at the coram nobis hearing, he was never asked and never stated why he failed to call witnesses Dobbins and Winkles. As the Attorney General argues, this failure may very well have been a strategy decision made at trial because "both witnesses were ripe for impeachment." Dobbins is Duncan's maternal uncle and was harboring a fugitive at *Page 909 
the time he allegedly learned of the relationship between Duncan and Sims. Winkles was the escapee Dobbins was harboring when Winkles allegedly saw Duncan and Sims together. See Duncanv. State, 436 So.2d 883, 894 (Ala.Cr.App. 1983), cert. denied, ___ U.S. ___, 104 S.Ct. 720, 79 L.Ed.2d 182 (1984), for the testimony of both Dobbins and Winkles in Duncan's trial for the capital murder of Ms. Sims.
We affirm the finding of the circuit judge that Duncan was well represented at his trial "although another attorney might make different choices or choose different tactics." InStrickland v. Washington, ___ U.S. ___, 104 S.Ct. 2052,2064-65, 80 L.Ed.2d 674 (1984), the United States Supreme Court held that "the proper standard for attorney performance is that of reasonably effective assistance." In our opinion, Duncan has failed to show that Attorney Ogden's performance was deficient or unreasonable considering all the circumstances. "The Sixth Amendment does not require errorless counsel or counsel judged ineffective by hindsight." Hoppins v. State, 440 So.2d 1125,1127 (Ala.Cr.App. 1983). "An adequate defense in the context of the constitutional right to counsel does not mean that counsel will not commit what may later prove to be tactical errors, and matters of trial strategy, in the absence of a clear showing of improper or inadequate representation, will be left to the judgment of trial counsel." Bridges v. State, 391 So.2d 1086,1091 (Ala.Cr.App. 1980). "The decision not to call a particular witness is usually a tactical decision not constituting ineffective assistance of counsel." Oliver v. State,435 So.2d 207, 208-209 (Ala.Cr.App. 1983). "[C]omplaints of uncalled witnesses are not favored, because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have testified are largely speculative." Buckelew v. United States, 575 F.2d 515, 521 (5th Cir. 1978). "This Court will not second-guess tactical decisions of counsel in deciding whether to call certain witnesses." United States v. Long, 674 F.2d 848, 855 (11th Cir. 1982)."Defense counsel's failure to call certain witnesses is not sufficient grounds for a Sixth Amendment claim." UnitedStates v. Caucci, 635 F.2d 441, 453 (5th Cir.), cert. denied,454 U.S. 831, 102 S.Ct. 128, 70 L.Ed.2d 108 (1981).
Additionally, Duncan has failed to show that the alleged deficient performance prejudiced his defense. The appropriate test for prejudice is stated in Strickland, 104 S.Ct. at 2068: "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." In making a determination of prejudice, this Court must consider "the totality of the evidence before the judge or jury." Strickland, 104 S.Ct. at 2069.
The State presented a strong case of eyewitness identification. Eva Sims testified that Duncan raped her. The import of her testimony was that she had no prior sexual relationship with Duncan. Her testimony was bolstered by a complaint made very soon after the assault that Duncan had raped her. See Duncan v. State, 436 So.2d 883.
Our review of the testimony at the coram nobis hearing and at trial convinces us that defense counsel's performance was reasonable under prevailing professional norms. Strickland,104 S.Ct. at 2065. There is no reason for this Court to believe that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result" — the "benchmark for judging any claim of ineffectiveness." Strickland, 104 S.Ct. at 2064.
 II
In this case, there is a second equally if not more important reason why the petition for writ of error coram nobis was properly denied. *Page 910 
Eva Sims was raped in May of 1977. Duncan was convicted for this offense in July of 1977. After serving 22 months of his ten-year sentence, he was placed on parole in January of 1980. On February 13, 1980, Duncan killed Eva Sims and her four-year-old son and wounded her eight-year-old son. SeeDuncan v. State, 436 So.2d 883 (Ala.Cr.App. 1983). Duncan then filed his coram nobis petition in February of 1981. In this petition he seeks "a new trial . . . and such other relief as may be proper."
In the opinion of this Court, public policy and fundamental justice demand that Duncan's petition be denied. Duncan is seeking a new trial after murdering the very person who would be the prosecuting witness in that retrial he now seeks. His own actions have jeopardized the State's ability to prosecute him on any retrial. See Hamilton v. State, 283 Ala. 660,220 So.2d 267 (1969) (involving a "state claim" made "with complete abandon of due diligence"). In killing Eva Sims, Duncan has destroyed "evidence" essential to his reprosecution. His petition is a gross abuse of one of the oldest remedies at common law.
Duncan should not be allowed to cry foul when his hands are "red with blood and his guilt . . . shriek[s] to high heaven."Wiman v. Powell, 293 F.2d 605, 609 (5th Cir. 1961), quoted inWarden v. State, 41 Ala. App. 449, 451, 134 So.2d 783 (1961). "Society, too, has a strong social interest in the protection of its law-abiding citizens from rapacities of the criminally inclined." Warden, 41 Ala. App. at 451, 134 So.2d 783. See alsoCooper v. Wiman, 273 Ala. 699, 700-701, 145 So.2d 216 (1962).
The judgment of the circuit court denying the petition for writ of coram nobis is affirmed. Any other result would constitute a mockery of our criminal justice system.
AFFIRMED.
All Judges concur.