TYSON, Judge.
Marshall Henry Collier was indicted for trafficking in cannabis, in violation of § 20-2-80, Code of Alabama 1975. The jury found the appellant “guilty as charged in the indictment,” and the trial judge sentenced him to life imprisonment in the penitentiary.
At approximately 6:00 p.m. on November 5, 1983, Farris Springfield, an undercover agent with the Baldwin County Sheriff's Department, received a call from a confidential informant. The informant, whom Springfield had used in the past and who had proved to be reliable, told Springfield that the appellant was in possession of *1180 seven pounds of marijuana. He said he had arranged for Springfield to meet with the appellant that night.
Springfield immediately called his supervisor, Jim Anderson, and arranged for Anderson and Dicky Cooper of the Gulf Shores Police Department to provide backup security for him. He then went to the appellant’s trailer home.
When he arrived, his informant was there. The informant introduced Springfield to the appellant and the appellant took Springfield and the informant into the bedroom. The appellant gave Springfield a brown bag containing six plastic bags of marijuana. He offered to let Springfield smoke some of the marijuana and said he wanted $1400 for it. Springfield then produced his identification and placed the appellant under arrest. The appellant was advised not to say anything until he was advised of his “Miranda rights.”
Springfield then took the appellant to a prearranged location where Anderson and Cooper were waiting. After the appellant was advised of his rights, he said he wanted to make a statement. He told the officers he had obtained ten pounds of marijuana from his uncle and he’d sold three pounds. He said if they would help him, he’d cooperate with them because he knew others in the business. Anderson told the appellant that if he did cooperate with them, they would inform the district attorney of his cooperation.
The appellant was then taken back to his trailer. He was not placed in jail as this may have hampered their investigation.
The next day the appellant met with Springfield and gave him several names. After this meeting, Springfield was unable to locate the appellant. Approximately a week later, Springfield and Lance Monley went to Louisiana and found the appellant. The Louisiana authorities arrested the appellant on two outstanding warrants in Alabama. The appellant waived extradition and he was brought back to Alabama.
The day after the appellant was initially arrested, Springfield gave the brown bag containing the plastic bags of marijuana to Monley. Monley took it to the Department of Forensic Sciences lab for analysis. Deborah Sennett performed various tests on the substance contained in the plastic bags and determined the same to be marijuana. The weight of the marijuana was 5.93 pounds. After Monley picked up the marijuana from Sennett, he gave it to Anderson. Anderson kept it in his evidence locker until he brought it to court.
1(a)
The sole issue raised by the appellant on appeal is his claim that he was denied the effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution.
“The benchmark for judging any claim of ineffectiveness must be whether counsel’s conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.”
Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).
In Strickland, supra, the U.S. Supreme Court set out a two-part test which must be applied when reviewing an inadequate representation claim.
“First, the defendant must show that counsel’s performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the ‘counsel’ guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel’s errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.”
Strickland, 104 S.Ct. at 2064.
In applying this test, the Supreme Court stated that,
“... a court need not determine whether counsel’s performance was deficient be *1181 fore examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel’s performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.”
Strickland, 104 S.Ct. at 2069-70.
In the case at bar, we have determined that this appeal can be decided by merely pursuing the course referred to in the preceding paragraph. A reversal of a conviction is not mandated, even if counsel’s performance was deficient, if counsel’s performance did not effect the outcome of the trial. Strickland, 104 S.Ct. at 2067. In order to prove ineffective assistance of counsel, a defendant must affirmatively show that his counsel’s deficient performance prejudiced his defense. Strickland, 104 S.Ct. at 2067.
“... The appropriate test for prejudice is stated in Strickland, 104 S.Ct. at 2068: ‘The defendant must show that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.’ In making a determination of prejudice, this Court must consider ‘the totality of the evidence before the judge or jury.’ Strickland, 104 S.Ct. at 2069.”
Duncan v. State, 461 So.2d 906, 909 (Ala.Cr.App.1984).
After reviewing the record, we do not find that the jury “would have had a reasonable doubt respecting [the appellant’s] guilt” even if his counsel’s performance was deemed deficient. Strickland, 104 S.Ct. at 2069.
On the night in question, Springfield went to the appellant’s residence under the guise of purchasing some marijuana. The appellant showed Springfield the marijuana and told him that he could buy it for $1400. Springfield then placed the appellant under arrest and instructed him not to say anything until he was given his Miranda warnings. After the appellant was given his Miranda warnings, he told Springfield, Anderson, and Cooper that he wished to cooperate with them.
At trial, an expert testified that the substance obtained from the appellant was, in fact, marijuana and that the total weight of the marijuana was 5.93 pounds. A proper chain of custody of the marijuana was also properly established.
The State’s case was based primarily on the eyewitness testimony of Officers Springfield and Anderson, and the expert testimony of Sennett. Their testimonies were strong evidence of the appellant’s guilt. Therefore, we hold that the appellant has failed to meet his burden of proving that the jury’s decision would have been different, absent any errors committed by defense counsel.
1(b)
Furthermore, this court is not prepared to hold that the appellant’s counsel’s performance during trial was deficient.
“Judicial scrutiny of counsel’s performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel’s assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel’s defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. Cf. Engle v. Isaac, 456 U.S. 107, 133-134, 102 S.Ct. 1558, 1574-1575, 71 L.Ed.2d 783 (1982). A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel’s challenged conduct, and to evaluate the conduct from counsel’s perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel’s conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the pre *1182 sumption that, under the circumstances, the challenged action ‘might be considered sound trial strategy.’ See Michel v. Louisiana, supra, 350 U.S. [91] at 101, 76 S.Ct. [158] at 164 [100 L.Ed. 83], There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way. See Goodpaster, The Trial for Life: Effective Assistance of Counsel in Death Penalty Cases, 58 N.Y.U.L.Rev. 299, 343 (1983).”
Strickland, 104 S.Ct. at 2065-66.
Therefore, for the reasons stated above, this cause is due to be, and is hereby, affirmed.
AFFIRMED.
All the Judges concur.