TYSON, Judge.
Frank Montalvo filed a petition for writ of error coram nobis alleging that his guilty plea was involuntary and that he had ineffective assistance of counsel at that time. Specifically, the appellant alleges that his attorney told him that, in exchange for his plea and his testimony before the Grand Jury, six cases against him would be nol prossed and he would receive a sentence of two to six years in each of the other three cases against him. The appellant actually was sentenced to three concurrent 20 year sentences in these cases. Therefore, the appellant contends that he was not properly sentenced according to the terms of the plea bargain agreement.
A hearing was held on the petition. Following this hearing, the trial judge made specific written findings that, although there was a plea bargain agreement in this case, a recommendation of a specific sentence was not part of the agreement.
I
In denying the appellant’s petition, the trial judge found that the appellant’s plea was voluntarily and understandingly entered and that he was not denied effective assistance of counsel.
The petitioner bears the burden of proof in coram nobis proceedings. Robinson v. State, 419 So.2d 283 (Ala.Cr.App.), cert. denied, 419 So.2d 283 (Ala.1982). Furthermore, counsel is presumed adequate on a petition for writ of error coram nobis. Cannon v. State, 416 So.2d 1097 (Ala.Cr.App.), cert. denied, 416 So.2d 1097 (Ala.1982).
A review of this transcript, including the testimony of the appellant’s counsel, indicates that the trial judge’s findings are supported by this record. See Hayes v. State, 417 So.2d 579 (Ala.Cr.App.1982). It seems clear that there was no agreement as to the appellant’s length of sentence, and the possible range of punishment was clearly explained to the appellant. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) and Carter v. State, 291 Ala. 83, 277 So.2d 896 (1973).
There is no indication that the appellant received inadequate or faulty legal representation. Hid guilty plea was entered understandingly, intelligently and knowingly. Roberson v. State, 441 So.2d 1067 (Ala.Cr.App.1983); Creel v. State, 462 So.2d 1042 (Ala.Cr.App.1984) and Browning v. State, 465 So.2d 1208 (Ala.Cr.App.1985).
The appellant’s petition for error coram nobis was properly denied. This case is due to be and is, hereby, affirmed.
AFFIRMED.
All the Judges concur.