502 So.2d 1211 (1986)
ANONYMOUS
v.
STATE.
7 Div. 577.
Court of Criminal Appeals of Alabama.
August 12, 1986.
Rehearing Denied September 9, 1986.
*1212 James C. Pino of Mitchell, Green, Pino & Medaris, Alabaster, for appellant.
Charles A. Graddick, Atty. Gen., and Jane LeCroy Brannan, Asst. Atty. Gen., for appellee.
TYSON, Judge.
In January of 1985, the Shelby County Grand Jury returned a six-count indictment against this appellant. Count one charged the appellant with sexual abuse in the first degree (in violation of § 13A-6-66(a)(3), Code of Alabama 1975), with the victim being S. Count two charged the appellant with sodomy in the first degree (in violation of § 13A-6-63(a)(3) Code of Alabama 1975), with the victim being S. Count three charged the appellant with sexual abuse in the first degree (in violation of § 13A-6-66(a)(1), Code of Alabama 1975), with the victim being R. Count four charged the appellant with sodomy in the first degree (in violation of § 13A-6-63(a)(1), Code of Alabama 1975), with the victim being R. Count five charged the appellant with sexual abuse in the first degree (in violation of § 13A-6-66(a)(3), Code of Alabama 1975) with the victim being R. Count six charged the appellant with sodomy in the first degree (in violation of § 13A-6-63(a)(3), Code of Alabama 1975) with the victim being R. The jury found the appellant "guilty as charged in Counts one, two, five and six. The appellant was sentenced to five years' imprisonment for Counts one and five and to 75 years' imprisonment for Counts two and six.
The victims in this case, S. and R. are brothers. At the time of the trial, S. was 10 years old and R. was 15 years old. Both victims testified that about four years prior to the trial, the appellant, who was a friend of the family, moved into their house and began living there. During this time, the appellant started approaching each of the victims separately. The appellant would go into the boys' room without his clothes and start rubbing their penises. The appellant would ask the victims to play with his penis. He also sucked the victims' penises. The appellant told the victims not to tell their parents because he would get in trouble and would have to leave. These incidents took place on several occasions over a two-year period. The boys finally told their parents about the appellant after their father caught S. masturbating.
The victim denied ever sexually molesting the victims.

I
Helen Eades, a social worker for the Department of Pensions and Security, testified that she received a child abuse report concerning S. and R. During her investigation of this report she interviewed both S. and R.
During her testimony Helen Eades was asked the following questions:
"Q. Again, without stating what was said by R. or anyone else in that office, I'll ask you if this interview confirmed or denied the original report?
"MR. POWERS: I object, Your Honor, to that question.
"THE COURT: Overruled.

*1213 "Q. You may answer.
"MR. POWERS: May I make a statement so I can preserve the record, Your Honor?
"THE COURT: Go ahead.
"MR. POWERS: I object to this as being hearsay. It's going into the mental operation of this witness, which has no material bearing on the facts of this case. It invades the province of the jury, and it's rank hearsay. It's outside the presence and hearing of this Defendant.
"THE COURT: Overruled.
"Q. Did it support or not support the original report?
"MR. POWERS: May I have the record
"THE COURT: You can have that same objection and same ruling.
"A. It did support it." (R. 177-178)
"...
"Q. In your conversations with S.; again, please don't say what was said because it would be hearsay at this point, but did it support or not support the original report?
"MR. POWERS: Your Honor, I object to this on the basis of; one, it's hearsay, made outside the presence and hearing of the Defendant; that it is an illegal mental operation, calls for a conclusion on the part of this witness, that she's not qualified to give; and that the only material purpose is to inflame and prejudice this jury.
"THE COURT: Overruled.
"Q. Was it consistent or inconsistent?
"A. Yes, it was consistent.
"MR. POWERS: Your Honor, I move to exclude that and assign the same grounds; and please ask the witness to give me an opportunity to make my objections to it.
"THE COURT: You may have the same objection and the Court overrules it.
"Q. Your answer now for the record?
"A. My answer was `yes'." (R. 179).
The appellant argues the trial court erred by overruling his hearsay objections as noted above. This argument is without merit. "Hearsay" involves an out of court statement offered to prove the truth of the matter asserted. Ex Parte Bryars, 456 So.2d 1136 (Ala.), on remand, 456 So.2d 1140 (Ala.Crim.App.1984).
There was no out of court assertion contained in the portion of Eades' testimony to which the appellant objects. Eades did not state what S. and R. said during their interviews or what allegations were contained in the child abuse report. Eades merely testified that what S. and R. told her during their interviews was consistent with the contents of the investigative report which she had received.
Eades' testimony was not offered to prove the truth of what S. and R. told Eades or the truth of the contents of the report, but for the purpose of showing that the allegations contained in the report were consistent with the facts related to Eades by S. and R. Thus, the appellant's hearsay objections were properly overruled.
The appellant's contention that Eades' testimony, as quoted above, constitutes an improper opinion upon the facts is also without merit. Whether the facts, related to Eades by S. and R. in their interviews, were consistent with the facts contained in the child abuse report which she had received is a matter to which Eades was properly allowed to testify. Eades personally received the child abuse report and personally interviewed S. and R. Thus, she had a sufficient basis of knowledge on which to give her opinion whether the facts related to her by the boys during their interviews were consistent with the facts contained in the child abuse report. Her knowledge was "first hand". Butler v. State, 373 So.2d 347 (Ala.Crim.App. 1979). No error occurred here.

II
The appellant contends the State failed to sufficiently prove that R. was under the age of twelve at the time of these offenses and, thus, his convictions for sodomy and sexual abuse of R. should be reversed.
*1214 R. testified that these incidents of sexual abuse involving the appellant began when he was eleven and continued until he was thirteen. R. stated these incidents with the appellant took place while the appellant was living with his family. R.'s father testified that the appellant lived at their house for seven or eight months.
Although it is not entirely clear from the appellant's brief, we assume that the appellant's argument, concerning the failure of the State to prove R.'s age, is based on the fact that R.'s and his father's testimonies are inconsistent with each other because the period from age eleven to age thirteen is more than eight months.
This minor inconsistency in the evidence is not enough to render the evidence insufficient. There was evidence that R. was under twelve years of age when these offenses took place. Any conflicts in the evidence were for the jury to decide, which they properly resolved at the trial below.
Our review of the evidence leads us to conclude that there was sufficient evidence, presented by the State, to sustain all four of the appellant's convictions. See Darrow v. State, 451 So.2d 394 (Ala.Crim.App. 1984); Williams v. State, 448 So.2d 964 (Ala.Crim.App.1984); Robinson v. State, 444 So.2d 902 (Ala.Crim.App.1984).

III
The appellant asserts that he was denied the effective assistance of counsel at trial as guaranteed by the United States Constitution.
"`The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.' Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).
"In Strickland, supra, the U.S. Supreme Court set out a two-part test which must be applied when reviewing an inadequate representation claim.
`First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.' Strickland, 104 S.Ct. at 2064.
"In applying this test, the Supreme Court stated that,
`... a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.' Strickland, 104 S.Ct. at 2069-70."
* * * * * *
"`... The appropriate test for prejudice is stated in Strickland, 104 S.Ct. at 2068: "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." In making a determination of prejudice, this Court must consider "the totality of the evidence before the judge or jury." Strickland, 104 S.Ct. at 2069.' Duncan v. State, 461 So.2d 906, 909 (Ala.Cr.App. 1984)."
Collier v. State, 473 So.2d 1179, 1180-81, (Ala.Crim.App.), cert. denied, 473 So.2d 1179 (Ala.1985).
*1215 The appellant has failed to demonstrate, nor do we find, that he was prejudiced by his counsel's performance at trial. In fact, our review of the record leads us to the conclusion that the appellant's trial counsel was a competent and zealous advocate. Williams v. State, 448 So.2d 964 (Ala.Crim. App.1984).
The errors, allegedly committed by trial counsel, did not affect the outcome of the trial. The State's case was based on the two victims' testimonies. The appellant has not met his burden of proving to this court that the outcome of his trial would have been different absent any asserted errors committed by his trial counsel.
Furthermore, our review of the record does not reveal that trial counsel's performance was deficient in a legal sense. Thus, the appellant was not denied effective representation of counsel.
The judgment of the trial court is due to be and is, hereby, affirmed.
AFFIRMED.
TAYLOR and PATTERSON, JJ., concur.
BOWEN, P.J., dissents with opinion.
McMILLAN, J., joins in dissent.
BOWEN, Presiding Judge, dissenting.
I dissent from the majority opinion expressed in Issue I. "It has been the settled rule in our jurisdiction that the reports of investigating officers are not admissible in evidence, as being hearsay." Vest v. Gay, 275 Ala. 286, 290, 154 So.2d 297 (1963). "A report by a highway patrolman, police officer or other peace officer, concerning an automobile accident investigated by the reporting officer, is not admissible as an exception to the hearsay rule under the business records exception." C. Gamble, McElroy's Alabama Evidence, § 254.01(8) (3rd ed. 1977). The fact that DPS social worker Helen Eades "personally received the child abuse report and personally interviewed S. and R." does not change the hearsay character of her testimony. Her report was not admissible because it contained hearsay. Nettles v. Bishop, 289 Ala. 100, 266 So.2d 260 (1972); Alabama City, G. & A. Ry. Co. v. Appleton, 171 Ala. 324, 54 So. 638 (1911).
The testimony that Eades "confirmed" the child abuse report only served to prove the truth of the hearsay testimony. The majority's finding that "Eades' testimony was not offered to prove the truth of what S. and R. told Eades or the truth of the contents of the report, but for the purpose of showing that the allegations contained in the report were consistent with the facts related to Eades by S. and R." is not a logical statement.
The case of Butler v. State, 373 So.2d 347 (Ala.Cr.App.1979), cited by the majority as the only authority for their conclusions, is not in point. Eades only had "first hand" knowledge of what S. and R. told herthat is hearsay, pure and simple. She had no "first hand" knowledge that the boys had been sexually abused.
For these reasons, I dissent.
McMILLAN, J., concurs.