BOWEN, Presiding Judge.
This is an appeal from the denial of a petition for writ of error coram nobis.
In 1975, Ronald M. Gholston was convicted of noncapital murder in the first degree and robbery. At trial, Gholston’s defense was alibi. Gholston himself took the witness stand and his alibi testimony was corroborated by other defense witnesses. That conviction was affirmed in Gholston v. State, 338 So.2d 454 (Ala.Cr.App.1976).
Gholston’s alleged accomplice in the murder and robbery was Charles Randolph. Randolph was convicted twice for the murder and robbery but both convictions were reversed on appeal. Randolph v. State, 348 So.2d 858 (Ala.Cr.App.1977); Randolph v. State, 331 So.2d 766 (Ala.Cr.App.1976). After the second reversal, Randolph pleaded guilty to second degree murder.
In 1985, Gholston filed a coram nobis petition challenging his 1975 conviction on the basis of newly discovered evidence. That evidence consists of Randolph’s statement of Gholston’s innocence, given subsequent to Gholston’s conviction, and a letter dated March 29, 1978, from John D. Jolly, the District Attorney who prosecuted Ghol-ston. In that letter to the Board of Pardons and Paroles, Jolly recommended that Gholston “be considered immediately for parole” and expressed his opinion that Gholston had no prior knowledge and took no part in the actual murder and robbery.
At the coram nobis hearing, Gholston testified that he was present when the crimes were committed but denied any pri- or knowledge or actual participation in the criminal actions of Charles Randolph. Gholston admitted he lied at his 1975 trial and told a completely different story because if he told the truth he “didn’t see where it could be substantiated.”
After the evidentiary hearing, the circuit judge found “that nothing in the evidence presented by the Petitioner constitutes newly discovered evidence sufficient to justify granting the Petition.” The petition for writ of error coram nobis was properly denied because Gholston, the petitioner, by his own admission, perjured himself at his trial and deceived the trial court. Coram nobis relief is appropriate only when the petitioner’s claim is based on facts which were not known and could not have been discovered at trial with the exercise of reasonable diligence. Summers v. State, 366 So.2d 336, 339 (Ala.Cr.App.1978), cert. denied, Ex parte Summers, 366 So.2d 346 (Ala.1979). “The writ is not intended to relieve a defendant from his own negligence. Facts known to the accused at the time of trial, and not brought to the court’s attention through his own negligence, afford no ground for relief.” Pitts v. State, 360 So.2d 736, 739 (Ala.Cr.App.1978). Gholston cannot be allowed to cry foul under these circumstances. See Duncan v. State, 461 So.2d 906, 910 (Ala.Cr.App.1984).
The judgment of the circuit court denying the petition for writ of error coram nobis is affirmed.
AFFIRMED.
All Judges concur.