On Return to Remand

McMillan, judge.
This cause was remanded for the trial court to obtain a clarification of a ruling by the superior court of Troup County, Georgia, which John Tom McCollough, Jr.’s, Rule 32, Ala.R.Cr.P., challenged as forming the basis for his sentence as an habitual offender in Alabama. The trial court has now filed its return, which states, in pertinent part, the following:
“[T]he petitioner has failed to meet his burden of proof with regard to the relief from sentence he seeks; and more particularly, he has failed to meet his burden with regard to clarifying the Georgia Court’s order_ Without further documentation, the Court finds that the petitioner did not clarify whether the Order [of the Georgia court] of August 1,1993, reversed Petitioner’s conviction or validated Petitioner’s conviction.”
The trial court also stated that, based upon the Georgia statutes and case law that had been submitted to him, McCollough’s action had been inappropriate under Georgia law.
On remand, the trial court conducted an evidentiary hearing at which the attorney who had challenged McCollough’s prior conviction in Georgia testified. He stated that he had prepared the order issued by the Georgia court and that the district attorney assigned to McCollough’s case had “signed off” on it; he also stated that he understood that the circuit clerk’s entry on the order, that McCollough “should not be considered to have a criminal record,” was “part of the [Georgia] Code.” He further stated with regard to first offender status in Georgia that there is an adjudication of guilt “[o]nly if it comes up later on and comes back and says to adjudicate that, yeah.”
No evidence was offered at the evidentiary hearing with regard to the meaning of the Georgia court’s order. Although McCol-lough’s attorney for the Rule 32 proceeding stated that it was McCollough’s position that the Georgia conviction has been “overturned,” the only evidence before the trial court was the Georgia court’s order and Georgia statutes and case law supplied by the appellant’s Alabama attorney and the Alabama prosecutor, which do not clarify whether McCollough’s prior conviction had been reversed.
The Alabama prosecutor informed the trial court that he had attempted to obtain McCol-lough’s file from Troup County, Georgia, but that it could not be found. McCollough argues that this indicates that his file could have been sealed, consistent with the handling of youthful offender files in Alabama; however, the absence of the file is not evidence upon which Rule 32 relief can properly be granted.
The burden of proof of a post-conviction allegation is on the petitioner, Montalvo *201 v. State, 488 So.2d 25 (AIa.Cr.App.1986), and this Court will not presume error from a silent record. Robinson v. State, 444 So.2d 884 (Ala.1983). Based on the record, the trial court properly determined that the appellant had failed to meet his burden of proof. Therefore, the denial of his Rule 32, Ala.R.Cr.P., petition is due to be, and it is hereby, affirmed.
AFFIRMED.
All Judges concur.